Memorandum.
Judgment affirmed. Defendant, having pleaded guilty with a codefendant to a reduced charge of assault in the second degree following a robbery, sought to withdraw his guilty plea. This case is distinguishable from People v. McKennion (27 NY 2d 671). In the latter case, we remitted for a hearing, following the denial of defendant’s application to withdraw his plea of guilty based on his allegation that he “ misunderstood and misapprehended” the plea proceedings in pleading guilty to the criminal possession of drugs found in his apartment. The defendant in McKennion was a 22-year-old immigrant with a limited education facing deportation charges resulting from the criminal charges and represented by the same counsel at the sentencing, when he sought to withdraw his plea, as had represented him in the earlier proceeding. In contrast, in the case at bar, the court upon receiving the request from the defendant to withdraw his guilty plea, appointed new counsel to represent him and directed him to prepare the moving papers. In a sworn affidavit in support of the motion, defendant stated he was innocent and that he pleaded guilty only because his first attorney advised him he had no chance of proving his innocence. Additionally, he stated his present attorney has advised him that he has a good defense. No factual matter was presented in support of these assertions. Thus, the court had before it only the unsupported allegations of the defendant and was confronted solely with an issue of credibility. That issue was resolved against the defendant when the court denied the motion to withdraw the guilty plea. Defendant, with a record of 12 prior convictions, did not contend that his plea was the result of mistake or misunderstanding as contended in McKennion (supra) nor does he contend that it was not made voluntarily following consultation with his first attorney. (See People v. Nixon, 21 N Y 2d 338; *57 cf. People v. Serrano, 15 N Y 2d 304; People v. Beasley, 25 N Y 2d 483.)
Moreover, the plea minutes show that defendant not only accepted the plea but also admitted his participation with his codefendant in the robbery and the assault which followed. The minutes also show that the admission of guilt was not accompanied by any protestations of innocence. (Cf. North Carolina v. Alford, 400 U. S. 25.) A defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors including defendant’s numerous prior convictions, the likelihood of eyewitness testimony confronting him at a trial and the hope of a reduced charge and sentence. (Brady v. United States, 397 TJ.s£>. 742, 756-757.) Under the circumstances of this case, the denial of the motion to withdraw the guilty plea was not an abuse of discretion. (Code Crim. Pro., § 337; People v. Phillips, 33 A D 2d 893, affd. 27 N Y 2d 892.)