## (February 20, 1976)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. RUCKDESCHEL, Appellant.—Judgment unanimously modified in accordance with memorandum and as modified affirmed. Memorandum: We agree with defendant's contention that the record contains no evidence, dehors the confession of defendant, of the commission of the crime of robbery, first degree. The corroboration required by CPL 60.50 must be such independent evidence as will establish the corpus delicti, i.e., the body of the crime of robbery, first degree, without any reliance upon the confession itself; and such evidence, independent of the confession, must establish each and every element of the crime, and then the confession may be used to show that the crime, independently established, was committed by the confessing defendant *(People v Ulisano,* 18 AD2d 432, 435, and cases therein cited). The crime of robbery, first degree, has a two-part body or corpus, the requisite component elements being (a) forcible stealing (larceny) of property, and (b) aggravating factors of serious physical injury, or use or threatened use of a dangerous weapon (Penal Law, § 160.15). Concededly, the evidence adduced as to the stabbed condition of the victim's body and the pulled out and torn pant's pockets of the victim clearly establish a forceful taking. However, independent of defendant's confession, there is absolutely no evidence as to a larcenous taking from the victim. Upon such analysis of the evidence, it must be concluded that the crime of robbery, first degree, was not indepen-

dently established and that defendant's convictions on the two counts thereof must be reversed, those counts dismissed and sentences imposed thereon vacated. Other contentions of defendant raised on this appeal have been considered and found without merit. (Appeal from judgment of Erie County Court convicting defendant of manslaughter, first degree, and other charges.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Witmer, JJ.