■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN I. OUTLAW, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered August 1, 1978, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal also brings up for review the denial at sentencing of defendant's motion to withdraw his plea. Judgment reversed, as a matter of discretion in the interest of justice, motion to withdraw defendant's plea of guilty granted and action remanded to the County Court for further proceedings consistent herewith. When defendant's counsel reviewed the probation report just prior to sentencing he was first made aware of the codefendant's acquittal 10 months earlier after a trial on the indictment charging the defendants with aiding and abetting each other in the sale of narcotics. Defendant immediately sought to withdraw his guilty plea and unseal the records in the codefendant's case. This motion was granted to the extent of unsealing the records and providing defendant with a transcript of the trial. After reviewing the transcript the defendant moved again to withdraw his plea and to dismiss the indictment. This motion was denied, without a hearing, and the defendant was sentenced on his guilty plea entered before he was aware of the acquittal and evidence in the transcript. The evidence at the codefendant's trial revealed a conflict in testimony between the informer, who led the undercover officers to the defendants, and the undercover officers as to which defendant actually handed over the narcotics, and the clothing which each defendant wore at the time. In an affidavit submitted by the defendant, he maintained his innocence and said his plea, with its inculpatory statement, was prompted by (1) terror and blind fear that a jury would not believe his denial of guilt and he would be convicted on each count based on his prior record and (2) the assumption that the prosecutor's statement in plea negotiations of an "open and shut" case against the defendant was based on police officers' testimony to the effect that it was he who possessed and sold the controlled substance. In view of the conflicting testimony in the codefendant's trial transcript, coupled with the assertion of innocence by the defendant under oath and the misapprehension as to the strength of the prosecution's case engendered by the prosecutor's representation, there was presented on the motion to withdraw more than a mere issue of credibility (see *People v Dixon*, 29 NY2d 55). "Under the circumstances, the interests of justice would have been served better had he been permitted to withdraw his guilty plea" *(People v McIntyre*, 40 AD2d 1038). Mollen, P. J., Hopkins, O'Connor and Lazer, JJ., concur.