■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FULMORE, Appellant. — Judgment affirmed. All concur, Simons, J., not participating. *Memorandum:* Defendant was convicted of forgery in the second degree and petit larceny. At trial the People introduced into evidence a confession signed by defendant in which he admitted taking to a grocery store a check payable to another person, forging that person's name on the back of the check, and receiving the proceeds. He also admitted that he did not know the payee of the check and had no permission to cash it. The main issue on appeal is whether the People presented sufficient corroboration of this confession to satisfy CPL 60.50, which provides that a person may not be convicted of an offense solely on a confession without additional proof that the offense charged had been committed. The corroboration need not connect defendant with the crime; the rationale for the rule is simply "to guard against the possibility that a defendant might be convicted and jailed for a crime that never occurred" (*People v Daniels,* 37 NY2d 624, 629). We have construed the section to require the People to prove that each and every element of the offense charged was committed by someone (see, e.g., *People v Lipsky,* 57 NY2d 560; *People v Ruckdeschel,* 51 AD2d 861 [reversing a robbery conviction because there was no proof of a taking]; *People v Ulisano,* 18 AD2d 432, 435). Defendant argues that his conviction must be reversed because there was no corroboration of the element of intent. Cases cited by defendant do not stand for this proposition. As stated in *People v Ruckdeschel (supra),* the People must establish the corpus delicti, and then the confession may be used to show that the crime was committed by the confessing defendant. In the instant case, the corpus delicti is the forged check. The payee testified that the signature on the back is not hers, and the store owner testified that he cashed the check, but never recovered the proceeds because the check was later dishonored. These facts establish forgery and larceny, and the element of intent may be inferred from the facts (*Sandstrom v Montana,* 442 US 510). (Appeal from judgment of Ontario County Court, Reed, J. — forgery, second degree, and other charges.) Present — Dillon, P. J., Simons, Doerr, Boomer and Moule, JJ.