■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION WHITNEY, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: There is insufficient evidence to sustain the charges of which defendant was convicted. The record reveals that defendant placed two tablets of Empirin No. 3 (5 grains aspirin, 30 milligrams codeine) in a bottle of baby formula, a portion of which she subsequently gave to her six-month-old son. There is varying evidence as to the amount which she gave him. She testified that she fed him 2 to 4 ounces and poured the rest down the drain; a deputy sheriff testified that defendant told him that she had given the baby a half or a little more than half a bottle but later admitted that she might have said ½ to 1½ ounces. There was no testimony that such amount of Empirin No. 3 would be injurious to a six-month-old child. To the contrary, a toxicologist testified that two tablets of Empirin No. 3 would at most make the child drowsy. There is thus no proof that defendant attempted to cause serious physical injury to her son (attempted assault in the second degree [Penal Law, §§ 110.00, 120.05, subd 1]); recklessly created a substantial risk of serious physical injury to her son (reckless endangerment in the second degree [Penal Law, § 120.20]); or acted in a manner likely to be injurious to the physical welfare of her son (endangering the welfare of a child [Penal Law, § 260.10, subd 1]). Additionally, the court erred in submitting, over defendant's objection, the charge of attempted assault in the second degree as a lesser included offense of attempted murder in the second degree (Penal Law, §§ 110.00, 125.25, subd 1) inasmuch as there is no reasonable view of the evidence which would support a finding that the defendant committed the lesser crime but not the greater (see *People v Glover,* 57 NY2d 61, 63). Further error may be found in the court's charge with respect to endangering the welfare of a child. The court failed to charge the jury that it had to find that defendant's conduct was likely to be injurious to her

son's physical welfare and thus removed from their consideration an essential element of the crime. Finally, we find that all three counts of the indictment should have been dismissed because the only evidence thereof was defendant's admissions. Although there was circumstantial evidence to corroborate the defendant's statement in a number of respects, there is insufficient proof that the crimes charged were, in fact, committed (CPL 60.50; see *People v Lipsky,* 57 NY2d 560). (Appeal from judgment of Onondaga County Court, Murray, J. — attempted assault, second degree, and other charges.) Present — Callahan, J. P., Doerr, Denman, Boomer and O'Donnell, JJ.