■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK TANNENBAUM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered December 15, 1983, convicting him of attempted criminal sale of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Defendant contends that at the time of sentencing the court improperly denied his motion to withdraw his plea of guilty based upon his claims that he was innocent, that he was improperly represented by the Legal Aid Society and that he required a new attorney. The court indicated that defendant could withdraw his plea, if he were so disposed, but that he could not change counsel. Defendant declined this offer.

A defendant may not withdraw his guilty plea by proffering an unsupported claim of innocence where the plea was voluntarily made with the advice of competent counsel following an appraisal of all relevant factors *(People v Dixon,* 29 NY2d 55). At the time of sentencing defendant freely admitted his possession of a controlled substance and acknowledged that he gave it to an undercover agent knowing that it was such a controlled substance. Further, defendant did not show good

cause for the removal of assigned counsel *(see, People v Medina,* 44 NY2d 199). The sentencing court properly exercised its discretion in refusing defendant's request to appoint new counsel while giving defendant the opportunity to withdraw his plea, which he declined. Mangano, J. P., Bracken, Weinstein, Lawrence and Kooper, JJ., concur.