■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAPOLEON VALDEZ, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered June 29, 1989, convicting defendant, upon his guilty plea, of criminal possession of a controlled substance in the second degree and criminal possession of a weapon in the second degree and sentencing him to concurrent indeterminate terms of imprisonment of from 3 years to life, and 1½ to 4½ years, respectively, unanimously affirmed.

Defendant, who pleaded guilty as a jury was about to be empaneled for his trial, contends that his plea was involuntary as he was threatened with a heavier sentence if he did not plead guilty. The District Attorney and the court each advised defendant that if he were to proceed to trial or seek an adjournment of the trial, the previously made offer of three years to life imprisonment would be withdrawn. Additionally, the court informed defendant that "if", during trial, he were to plead guilty to the entire indictment, including the A-I felony, the minimum prison sentence he could receive would be fifteen years to life. We do not believe that under these facts and circumstances, the plea could be said to have been improperly obtained.

Defendant's claim that he was coerced into admitting an element of the weapons possession charge—intent to use the gun—was not raised in either a motion to vacate the judgment or to set aside the verdict and is consequently unpreserved. The record, in any event, demonstrates that the court carefully explored the issue of defendant's intent and accepted defendant's affirmative acknowledgment of this element only after a bench conference, and only after defendant had an opportunity to discuss the issue with his counsel.

Insofar as defendant's informal application to withdraw his plea lacked any claim of impropriety, let alone facts supportive thereof (see, e.g., People v Dixon, 29 NY2d 55), and given the fact that the court accepting the plea had no reason to believe the plea was unfair or inappropriate, the bargain was

final (see, e.g., People v Francis, 38 NY2d 150) and the instant claim, consequently, is meritless.

Finally, there is no merit to defendant's argument that the court abused its discretion in refusing to grant defendant a fourth adjournment of sentencing to permit him to obtain new counsel in place of his private counsel. As noted by the sentencing court, during the one-month postponement of sentencing, defendant apparently made little or no effort to arrange for new counsel other than to have his brother search the courthouse halls for counsel on the very day he was sentenced.

We have considered defendant's remaining contentions and find them also without merit. Concur—Rosenberger, J. P., Kupferman, Ross, Asch and Kassal, JJ.