OPINION OF THE COURT
 

 Levine, J.
 

 Defendant appeals, pursuant to permission granted by a Justice of the Appellate Division, from an order of that Court (233 AD2d 245) affirming defendant’s conviction, after a non-jury trial, of two counts of hindering prosecution in the first degree
 
 (see,
 
 Penal Law § 205.65). At issue is the legal sufficiency of the evidence presented by the prosecution to sustain the conviction and, more specifically, whether statements made by defendant and relied upon by the trial court were sufficiently corroborated under CPL 60.50.
 

 At trial, the prosecution introduced the testimony of two police detectives concerning statements made by defendant that in the summer of 1989, after a dispute over crack sales, her common-law husband, Marcus Rivera, and his confederates conceived of a plan to kill Roberto Corperone. Defendant related that she observed Rivera and the others stalk Corperone until, finding him in front of a building on Jerome Avenue in the Bronx, the group opened fire and, as the victim fled, Rivera shot and killed him. This statement, transcribed by one of the officers but never signed by defendant, was admitted into evidence at trial. In addition, the detectives testified that defendant twice agreed to help them apprehend Rivera by taking them to where he was staying in Philadelphia. On both occasions, when the detectives and defendant arrived in Philadelphia, Rivera was not at the expected location. Following each failed attempt to locate Rivera, defendant admitted to the police that she had thwarted their effort to apprehend him by warning Rivera in advance, after experiencing a change of heart.
 

 The officers further testified that defendant agreed to go with the detectives to locate Rivera a third time but, this time, the detectives went to Philadelphia without defendant’s knowledge prior to the agreed upon date and were successful in
 
 *588
 
 surprising Rivera, finding him seated in his parked vehicle near the apartment building where he reportedly was staying. On that occasion, Rivera threatened the officers with a gun, attempted to run them down and then fled, escaping arrest. The police later apprehended him on an FBI fugitive warrant.
 

 Defendant raises two arguments on appeal. First, we address defendant’s contention that, as a matter of law, there is insufficient evidence to sustain the conviction. Defendant was indicted and convicted of hindering prosecution in the first degree, which is defined as "rendering] criminal assistance to a person who has committed a class A felony, knowing or believing that such person has engaged in conduct constituting a class A felony” (Penal Law § 205.65). Thus, there are three elements to the crime, each of which must be proven beyond a reasonable doubt
 
 (see,
 
 CPL 70.20): (1) rendering criminal assistance (as defined by Penal Law § 205.50); (2) the commission of a class A felony by the person assisted; and (3) the defendant’s knowledge or belief that the felon engaged in the aforesaid criminal conduct.
 

 We agree with defendant’s contention that the People must prove that the underlying class A felony was committed. Although the statute does not require proof that the assisted person was ever arrested or convicted, it does require establishment of each element of the alleged underlying class A felony
 
 (see, People v Clough,
 
 43 AD2d 451, 453-454). Indeed, the Penal Law directly links the degree of a defendant’s criminal culpability for hindering prosecution to the seriousness of the crime committed by the assisted person
 
 (see,
 
 Penal Law §§ 205.55 [hindering prosecution in the third degree — commission of "a felony”]; 205.60 [second degree — class B or C felony]; 205.65 [first degree — class A felony]).
 

 Thus, to establish hindering prosecution in the first degree in this case, the People were not only required to prove that Rivera committed a homicide, but that Rivera committed a homicide that constitutes an A-level felony
 
 (see,
 
 Penal Law § 125.25). Nonetheless, we conclude that the People presented legally sufficient proof of each element of intentional murder, a class A felony
 
 (see,
 
 Penal Law § 125.25 [1]), as well as all of the other elements of hindering prosecution in the first degree.
 

 The standard of appellate review for determining whether the evidence presented by the prosecution in a criminal trial is legally sufficient is "whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of fact
 
 *589
 
 to conclude that the elements of the crime had been proven beyond a reasonable doubt”
 
 (People v Cabey,
 
 85 NY2d 417, 420;
 
 see also, People v Rossey,
 
 89 NY2d 970, 971;
 
 People v Norman,
 
 85 NY2d 609, 620). Here, defendant’s detailed statement furnishes an eyewitness account of the intentional murder of Corperone and was properly introduced into evidence as legally admissible hearsay against her. " '[A]dmissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever, or to whomsoever made’ ” (Prince, Richardson on Evidence § 8-201, at 510 [Farrell 11th ed], quoting
 
 Reed v McCord,
 
 160 NY 330;
 
 see also,
 
 CPL 60.45).
 

 Defendant’s eyewitness description of the murder is, therefore, evidence against her of both the underlying felony and defendant’s subjective knowledge and belief that Rivera had committed murder. Moreover, the detectives’ testimony that defendant admitted that she had alerted Rivera of the plan to apprehend him, as well as their description of Rivera’s apparent clairvoyance in anticipating their arrival and ability to vanish on the occasions when defendant knew that the officers were about to make the arrest, support the conclusion that defendant warned Rivera
 
 (see,
 
 Penal Law § 205.50 [2] [listing the act of warning a felon of impending apprehension as one of the methods of rendering criminal assistance]). Viewing this evidence in the light most favorable to the People, the majority at the Appellate Division appropriately concluded that a rational trier of fact could determine that every element of the offense had been established beyond a reasonable doubt.
 

 Alternatively, defendant argues that the People failed to furnish corroboration under CPL 60.50 of defendant’s statement that a class A felony had occurred. Again, we find this assertion unavailing.
 

 CPL 60.50 provides:
 

 "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without
 
 additional proof that the offense charged has been
 
 committed” (emphasis supplied).
 

 This statutory corroboration requirement does not mandate submission of independent evidence of every component of the crime charged
 
 (see, People v Booden,
 
 69 NY2d 185, 187;
 
 People v Murray,
 
 40 NY2d 327, 334,
 
 cert denied
 
 430 US 948), but instead calls for "some proof, of whatever weight, that a crime was committed by someone”
 
 (People v Daniels,
 
 37 NY2d 624,
 
 *590
 
 629;
 
 see also, People v Booden, supra,
 
 at 187;
 
 People v Lipsky,
 
 57 NY2d 560, 571,
 
 rearg denied
 
 58 NY2d 824;
 
 People v Cuozzo,
 
 292 NY 85, 92). The purpose of the statute is to avert " 'the danger that a crime may have been confessed when no crime
 
 in any degree
 
 has been committed by anyone’ ”
 
 (People v Cuozzo, supra,
 
 at 92 [emphasis supplied];
 
 see also, People v Booden, supra,
 
 at 187;
 
 People v Lytton,
 
 257 NY 310, 314).
 

 Contrary to the People’s position, confession corroboration of the existence of the underlying felony in a hindering prosecution case is necessary. Here, but for the occurrence of some underlying felony, no hindering prosecution crime whatsoever would have been committed
 
 (cf., People v Lytton, supra,
 
 at 314). Were we to adopt the People’s position, it is possible that a defendant who had merely imagined a murder, yet believed that one had occurred and took steps to protect the supposed killer, could be convicted of hindering prosecution based on her purely fanciful statements and futile actions where no such crime had ever been committed. It is. instructive that each degree of hindering prosecution involves some type of underlying felony
 
 (see,
 
 Penal Law §§ 205.65, 205.60, 205.55). Hence, without the existence of an underlying felony committed by someone, there would be no crime, of any degree, irrespective of defendant’s belief and aid of the person that defendant thought to be the perpetrator.
 

 This conclusion is not inconsistent with our cases holding that no corroboration of the underlying felony is required in a felony murder prosecution based largely on a confession
 
 (see, e.g., People v Davis,
 
 46 NY2d 780, 781;
 
 People v Daley,
 
 47 NY2d 916, 917,
 
 rearg denied
 
 48 NY2d 882;
 
 People v Murray, supra,
 
 at 333;
 
 see also, People v Lytton, supra,
 
 at 315). In a felony murder prosecution, the underlying felony is used as a substitute for establishment of the mental element of the crime of murder — the defendant’s malicious criminal intent
 
 (see, People v Lytton, supra,
 
 at 315). In general, CPL 60.50 does not require corroboration of the mental element of the crime charged
 
 (see, People v Lipsky, supra,
 
 at 571;
 
 People v Murray, supra,
 
 at 333;
 
 see also, People v Lytton, supra,
 
 at 314). As stated by Chief Judge Cardozo, the underlying felony does not "chang[e] the identity of the crime [but] merely characterizes] the degree of culpability to be imputed to the killer”
 
 (People v Lytton, supra,
 
 at 315). Without the underlying felony in a felony murder prosecution, the defendant could still have committed a lesser homicide offense. Thus, the rationale for not requiring corroboration of the underlying felony in felony murder prosecutions
 
 *591
 
 is not applicable in the instant case. Here, the absence of corroboration of the underlying felony does not merely affect the degree of the crime. Rather, without corroboration of the underlying felony, there would be no proof, save the defendant’s statement, that any crime had been committed at all.
 

 While CPL 60.50 requires some independent evidence of the existence of the underlying felony beyond the defendant’s confession, that burden was satisfied here, given the low threshold required by the statute
 
 (see, People v Booden, supra,
 
 at 187;
 
 People v Lipsky, supra,
 
 at 571;
 
 People v Daniels, supra,
 
 at 629). The prosecution witnesses at trial were the investigating officers of the Corperone homicide. They testified, without objection, that Roberto Corperone had in fact been murdered in 1989, that Marcus Rivera was the immediate suspect in that homicide and that a fugitive warrant was issued for his arrest. The detectives further testified that Rivera was eventually apprehended in Philadelphia, extradited back to New York and indicted in the Bronx. Finally, one of the detectives described Rivera’s violent response and flight when he was discovered in his car in Philadelphia. If nothing else, the foregoing independent evidence of Rivera’s consciousness of guilt provides the essential corroboration necessary here
 
 (see, People v Lipsky, supra,
 
 at 571 ["proof of motive or flight, may 'be held to constitute the essential additional proof ”, quoting
 
 People v Reade,
 
 13 NY2d 42, 46]).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed.