■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN LEWANDOWSKI, Appellant. [682 NYS2d 326] —Judgment affirmed. Memorandum: Defendant was convicted of two counts of forgery in the second degree (Penal Law § 170.10 [1]). The charges arose from defendant's use of a credit card issued to Lithochrome Corp., defendant's former employer, to purchase gasoline and food at a Mobil station on September 27, 1995, and November 8, 1995. Defendant signed a statement wherein she admitted that she used the corporate credit card on two occasions although she knew that she was no longer authorized to use that card. On both credit card retail sales receipts, defendant signed the name of her brother, the vice-president of the corporation, and she admitted that her brother had not given her permission to sign his name to the receipts.

At trial, the People presented defendant's statement, the testimony of the store owner, who identified the receipts and confirmed that the purchases were made at his store, and the testimony of defendant's brother, who stated that it was not his signature on either receipt. He further testified that defendant was no longer employed by the corporation when the credit purchases were made.

We reject the contention of defendant that her statement was not sufficiently corroborated under CPL 60.50, which provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." The corroboration requirement "does not mandate submission of independent evidence of every component of the crime charged" (*People v Chico*, 90 NY2d 585, 589), but calls only for "some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels*, 37 NY2d 624, 629). The purpose of the requirement is to avert the danger that someone has confessed to a crime when no crime has actually been committed (*see, People v Chico, supra*, at 590; *People v Lipsky*, 57 NY2d 560, 570, *rearg denied* 58 NY2d 824). The Court of Appeals has described the statutory threshold as "low" (*People v Chico, supra*, at 591).

Defendant's confession is a complete statement of guilt, encompassing each element of the offense. To corroborate the confession, the People introduced the receipts purportedly signed by defendant's brother, and the testimony of defendant's brother that the signatures were not his and that defendant did not work at the corporation when the purchases were made. Corroboration may be provided by circumstantial evidence, and the confession may be used as the key, or clue, to explain

the circumstances (*see, People v Lipsky, supra,* at 570-571, 573). That evidence, viewed in the light most favorable to the People (*see, People v Lipsky, supra,* at 563), establishes that the crime to which defendant confessed was actually committed.

We disagree with the dissent's contention that the corroboration requirement is not satisfied because defendant's brother failed to testify that he did not authorize defendant to use the credit card or sign his name. Corroborating proof is sufficient " 'even though it fails to exclude every reasonable hypothesis save that of guilt' " (*People v Lipsky, supra,* at 571, quoting *People v Cuozzo,* 292 NY 85, 92). The evidence presented by the People supports the reasonable inference that defendant did not have the authority to use the corporate credit card.

All concur except Pine, J. P., and Boehm, J., who dissent and vote to reverse in the following Memorandum.

Pine J. P., and Boehm, J. (dissenting). We respectfully dissent. In our view, defendant's confession was not sufficiently corroborated under CPL 60.50, which provides that "[a] person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." We recognize that the People are not required under CPL 60.50 to present independent evidence of every element of the crime charged (*see, People v Chico,* 90 NY2d 585, 589-590; *People v Murray,* 40 NY2d 327, 334, *rearg denied* 40 NY2d 1080, *cert denied* 430 US 948). "[S]ufficient corroboration exists when the confession is 'supported' by independent evidence of the corpus delicti" (*People v Booden,* 69 NY2d 185, 187; *see, People v Murray, supra,* at 331). The People are required, however, to produce "some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels,* 37 NY2d 624, 629; *see, People v Chico, supra,* at 589-590). Here, the crime charged is forgery, and the corpus delicti of forgery is proof that the instrument was forged (*see, People v Fulmore,* 91 AD2d 1184).

The indictment alleges that defendant forged a credit card retail sales receipt on two occasions. The holder of the credit card is a corporation. Defendant confessed that she signed the name of the vice-president of the corporation to the receipts without that person's permission. Absent defendant's confession, there is no proof that the signature on the two credit card receipts was unauthorized. The only independent evidence regarding the signatures was the testimony of the vice-president of the corporation that the signatures were not his. That testimony does not of itself establish that the signatures

were not authorized by the corporation or its agents. Further, the vice-president, who is defendant's brother, did not testify that he did not authorize defendant to use the credit card or sign his name. Thus, there is insufficient proof that the crimes charged were, in fact, committed (*see*, Penal Law § 170.00 [4], [5]; *People v Whitney*, 105 AD2d 1111, 1112; *cf.*, *People v Fulmore*, *supra*). We would reverse the judgment of conviction and dismiss the indictment. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Forgery, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.