Appeal from a judgment of Oneida County Court (Donalty, J.), entered July 26, 2000, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of murder in the second *1029 degree (Penal Law § 125.25 [2], [3]) and two counts of robbery in the second degree (§ 160.10 [1], [2] [a]) in connection with the robbery and death of a 73-year-old man. We reject defendant’s contention that the evidence is legally insufficient to support the conviction because the medical examiner was unable to determine a cause of death as a result of the extensive decomposition of the body. The victim’s family members and physician testified that, although the victim had been treated for the early stages of Alzheimer’s disease, he had otherwise been in good health. The victim was seen leaving a bar with the female codefendant early in the day, and defendant and the co-defendant were found by police in possession of the victim’s car several hours after the victim was last seen. The victim’s body was found in a remote location partially unclothed, corroborating defendant’s statement that, while the codefendant engaged the victim in sexual activity, defendant struck him in the head as part of a robbery plan. Viewing the evidence in the light most favorable to the People (see People u Thompson, 72 NY2d 410, 413 [1988], rearg denied 73 NY2d 870 [1989]), we conclude that the victim’s “death ... by a criminal agency [was] sufficiently proved by circumstantial evidence” (People v Jennings, 40 AD2d 357, 362 [1973], affd 33 NY2d 880 [1973]). Contrary to the further contention of defendant, the evidence sufficiently corroborates his statements (see CPL 60.50; People v Lewandowski, 255 AD2d 902, 902-903 [1998]).
County Court properly determined that oral and written statements made by defendant on August 23 and 25, 1999, were sufficiently attenuated from statements made by him on August 20 and 21, 1999, which were suppressed by the court (see generally People v Stith, 69 NY2d 313, 317-318). We therefore reject defendant’s contention that the later statements should also have been suppressed.
By failing to object to the testimony of two police witnesses who testified with respect to a conversation they overheard between defendant and the codefendant, defendant failed to preserve for our review his contention that the admission of that testimony violated his constitutional right of confrontation (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). Defendant’s sentence is neither unduly harsh nor severe. We have reviewed defendant’s remaining contentions and conclude that they are without merit. Present—Wisner, J.E, Hurlbutt, Scudder, Gorski and Lawton, JJ.