THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. ROBINSON, Appellant. [837 NYS2d 800]—

Appeal from a judgment of the Supreme Court, Erie County (Joseph S. Forma, J.), rendered April 28, 2005. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, sodomy in the first degree, sexual abuse in the first degree and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), sodomy in the first degree (former § 130.50 [1]), sexual abuse in the first degree (§ 130.65 [1]) and assault in the first degree (§ 120.10 [4]). Although defendant moved to dismiss the indictment in its entirety based on the alleged legal insufficiency of the evidence, he specifically addressed only the first two counts of the indictment and thus failed to preserve for our review his contention with respect to the latter two counts (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]). In any event, we conclude that the evidence is legally sufficient with respect to all four counts, and we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The credibility of the victim and the weight to be accorded her testimony were matters for the jury" (People v Halwig, 288 AD2d 949, 949 [2001], lv denied 98 NY2d 710 [2002]; see People v Gray, 15 AD3d 889, 890 [2005], lv denied 4 NY3d 831 [2005]), and we perceive no basis to disturb the jury's credibility determinations.

Defendant also failed to preserve for our review his contention that the prosecutor's questioning of a paramedic violated defendant's state and federal constitutional right to due process

and right of confrontation inasmuch as defendant objected to that questioning solely on the ground that the testimony sought to be elicited by that questioning was hearsay that did not fall within any exception to the hearsay rule (*see People v Goodson*, 57 NY2d 828, 830-831 [1982]; *People v Carter*, 1 AD3d 1028, 1029 [2003], *lv denied* 2 NY3d 738 [2004]; *People v Woods*, 202 AD2d 1043 [1994]). Contrary to defendant's contention, Supreme Court properly determined that the victim's statement to the paramedic was admissible under the excited utterance exception to the hearsay rule (*see People v Diaz*, 21 AD3d 58, 65-66 [2005], *appeal dismissed* 7 NY3d 831 [2006]). "Underlying [the excited utterance] exception is the assumption that a person under the influence of the excitement precipitated by an external startling event will lack the reflective capacity essential for fabrication and, accordingly, any utterance he makes will be spontaneous and trustworthy" (*People v Edwards*, 47 NY2d 493, 497 [1979]). In addition, "the time for reflection is not measured in minutes or seconds, but rather is measured by facts" (*People v Vasquez*, 88 NY2d 561, 579 [1996] [internal quotation marks omitted]). Here, the evidence at trial establishes that the victim was unconscious for most of the time after the attack and before speaking to the paramedic, and was barely conscious and had difficulty breathing when the paramedic arrived at the scene. The evidence thus establishes that the victim's statement was "not made under the impetus of studied reflection" (*Edwards*, 47 NY2d at 497; *see People v Bryant*, 27 AD3d 1124, 1126 [2006], *lv denied* 7 NY3d 753 [2006]).

Further, we reject the contention of defendant that he was denied effective assistance of counsel. Defendant failed to demonstrate "the absence of strategic or other legitimate explanations for counsel's failure" to make certain objections or motions (*People v Rivera*, 71 NY2d 705, 709 [1988]). In addition, the record does not support the contention of defendant that he was prejudiced by defense counsel's failure to conduct a more timely review of the materials provided by the prosecution. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Gorski, Martoche, Smith and Green, JJ.