This opinion is uncorrected and subject to revision before publication in the New York Reports.
-------------------------------------------------------------------

No. 15
The People &c.,
            Respondent,
        v.
Kevin Fisher,
            Appellant.


            Matthew A. Wasserman, for appellant.
            Luis A. Morales, for respondent.


RIVERA, J.:

        Defendant Kevin Fisher challenges the denial of his motion to withdraw his guilty plea to one count of hindering prosecution in the second degree (Penal Law § 205.60). The courts below properly rejected defendant's claims that his plea is constitutionally infirm and that his codefendant's acquittal

- 1 -

of the underlying felony renders defendant innocent.  Neither claim is supported by existing precedent, and his innocence theory is counter to this Court's holdings in People v Chico (90 NY2d 585 [1997]), People v O'Toole (22 NY3d 335 [2013]), and People v Berkowitz (50 NY2d 333 [1980]).  Therefore, the Appellate Division order affirming the judgment should be affirmed.

I.

Defendant was charged with hindering prosecution in the first degree and criminal possession of a weapon in the third degree for providing and hiding a gun used by codefendant Clovis Roche in a fatal shooting.  On the eve of trial, defendant pleaded guilty to the lesser included offense of hindering prosecution in the second degree, in satisfaction of the indictment.  At the plea colloquy, he admitted under oath that he rendered criminal assistance to Roche, who had committed murder in the second degree, and that defendant knew and believed Roche had engaged in conduct constituting second-degree murder.  As part of his plea, defendant waived his right to appeal.

Roche proceeded to trial.  The People's sole eyewitness was the brother of the victim, who testified that he was at his brother's apartment with several other people when a dispute arose and Roche shot his brother.  The brother's assertion that he told the police that Roche was the shooter contradicted the

trial testimony of a detective who said the brother told her that he had not seen the shooting, but was consistent with later statements the brother made to other police officers, the prosecutor, and the grand jury.

The evening after the brother testified, the prosecutor discovered handwritten notes of his pre-trial interview with the brother.  The notes included "blurbs" indicating that the brother was "unsure," "saw punches thrown," Roche "starts pulling out gun," the victim "grabbed gun," and that another person in the apartment "was punching" Roche.  Roche's defense counsel conceded the notes should have been disclosed under People v Rosario (9 NY2d 286, 289 [1961]), not Brady v Maryland (373 US 83, 87 [1963]), and the court permitted cross-examination on the content of the prosecutor's notes.* Thereafter, defense counsel attempted to impeach the brother with the notes and referred to them in summation as evidence that the brother was lying on the stand and that he had not seen the shooting.

Roche testified in his defense that he never intended to shoot the victim, and only displayed the gun to persuade him and the others to leave the apartment.  According to Roche, the victim grabbed for the gun, the two men fell back into the

---

* Rosario disclosures, codified by CPL 240.45, include any statements made by a witness who will testify at trial, while Brady disclosures consist of any exculpatory evidence or information favorable to defendant, which is material to guilt or punishment.

bedroom, and the gun accidently went off twice while they struggled.  Although the gun was never recovered, Roche admitted that he got it from defendant.  Despite Roche's denial of any intent to use the gun, the trial court granted defense counsel's request to charge on self-defense.

The jury acquitted Roche of the felony charges of murder in the second degree and criminal possession of a weapon in the second degree, but convicted him of the misdemeanor count of criminal possession of a weapon in the fourth degree.

After Roche's acquittal on the felony counts, and prior to defendant's sentencing, defendant moved to withdraw his plea pursuant to CPL 220.60 (3).  The court denied the motion and sentenced defendant in accordance with the plea agreement.  The Appellate Division affirmed (People v Fisher, 119 AD3d 426 [1st Dept 2014]).  A Judge of this Court granted leave to appeal (People v Fisher, 26 NY3d 1008 [2015]).

II.

A determination on a defendant's motion to withdraw a plea prior to sentencing is left to the sound discretion of the court (CPL 220.60 [3]).  We review the denial of such a motion for abuse of discretion as a matter of law (People v Manor, 27 NY3d 1012, 1013-1014 [2016]).  Here, defendant challenges the trial court's denial of his motion to withdraw his plea on two grounds: 1) the plea was not voluntary, knowing and intelligent

because he entered the plea without benefit of the prosecutor's notes, which are exculpatory and would have materially affected defendant's decision to plead guilty; and 2) defendant is innocent of hindering prosecution due to Roche's acquittal of the underlying felony of second-degree murder. We conclude that the notes are not exculpatory and, regardless, would not have materially affected defendant's decision to plead. Further, the acquittal of Roche does not render defendant's admission of guilt a legal nullity. Therefore, the trial court did not abuse its discretion in denying defendant's motion.

A.

Under well-established federal and state constitutional principles, suppression of "favorable evidence in the People's possession which is material to either guilt or punishment" is a violation of a defendant's federal and state due process rights (People v Bryce, 88 NY2d 124, 128 [1996], citing Brady, 373 US at 87 and People v Vilardi, 76 NY2d 67, 73 [1990]). To establish that the People violated these rights, "defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d 259, 263 [2009]). The Appellate Division Departments and the United States Court of Appeals for the Second Circuit have held

that in cases where a defendant pleads guilty and the People have suppressed exculpatory evidence, the defendant must establish that the evidence would have materially affected the decision to plead rather than go to trial (see People v Martin, 240 AD2d 5, 9 [1st Dept 1998]; People v Armer, 119 AD2d 930 [3d Dept 1986]; Tate v Wood, 963 F2d 20, 24 [2d Cir 1992]).

Here, the notes do not refer to defendant's acts or intention, and, as such, they do not directly or expressly provide evidence favorable to defendant by negating or placing in doubt his criminal acts. Nor do the notes support a theory that Roche acted in self-defense, as defendant claims. To the extent the notes reveal the brother told the prosecutor he saw Roche pull out a gun and then saw the victim grab it, the notes are inculpatory as to Roche. Specifically, the notes indicate that Roche was pulling the gun from his belt and not merely displaying it as he testified at trial. The notes also made it appear as if the victim acted in self-defense and not the other way around. Given that the notes are not favorable to defendant by exculpating him or Roche, we reject defendant's contention that the notes would have materially affected his decision to plead guilty.

### B.

Defendant's alternative argument -- that the People cannot establish a necessary element of hindering prosecution --

is partially foreclosed by his guilty plea to the extent he challenges the sufficiency of the evidence in his case (People v Plunkett, 19 NY3d 400, 405 [2012]).  However, we may consider his claim that Roche's acquittal renders defendant innocent of the crime to which he pleaded guilty, along with his argument that the People are collaterally estopped from further prosecution of defendant (People v Taylor, 65 NY2d 1, 5 [1985]; People v Dixon, 29 NY2d 55, 57 [1971]).

A defendant is guilty of hindering prosecution in the second degree when the defendant "renders criminal assistance to a person who has committed a class B or class C felony" (Penal Law § 205.60).  In People v Chico (90 NY2d 585, 588 [1997]), a case involving first-degree hindering prosecution, the Court held that "the People must prove the underlying class A felony was committed," but made clear that "the statute does not require proof that the assisted person was ever arrested or convicted." Other than the class of the underlying felony and the fact that first-degree hindering prosecution has the added element that the defendant knew or believed that the assisted person engaged in the conduct constituting a class A felony, first- and second-degree hindering prosecution share the same elements. Accordingly, the rules set forth in Chico apply equally to the lesser included offense.

Contrary to defendant's suggestion, the People may satisfy their burden to establish defendant's guilt beyond a

reasonable doubt by relying on the defendant's admissions that the assisted person committed the crime.  Indeed, Chico specifically permits such evidence, as the Court held the defendant's eyewitness account that the assisted person stalked and fatally shot the victim was evidence against the defendant establishing the underlying felony of intentional murder (id. at 589).  Similarly, the elements of second-degree hindering prosecution were established at defendant's plea allocution when he admitted rendering criminal assistance to Roche, who defendant further admitted had committed second-degree murder.  As in Chico, defendant's statements established the commission of the underlying felony (see id.).

Defendant argues that the court abused its discretion in denying his motion to withdraw his guilty plea because his guilt is inextricably tied to Roche's criminal liability, rendering him innocent if Roche is acquitted.  Defendant's argument is at odds with the holding in Chico that a defendant's criminal culpability is not dependent on the assisted person's arrest or conviction (id. at 588).  Further, defendant's argument is based on a flawed legal premise because "an acquittal is only a finding of reasonable doubt, not a finding that [the person tried] is in fact innocent" (O'Toole, 22 NY3d at 338).

In that vein, Roche's acquittal of the murder and conviction of weapon possession suggests the jury determined there was reasonable doubt as to whether he harbored the

requisite intent to cause the victim's death or acted in self-defense.  Of course, the jury rendered that verdict without the benefit of defendant's plea and his admission that Roche committed murder.  The jury may also have exhibited "mercy" in Roche's case (id.), or engaged in unsanctioned jury nullification (People v Goetz, 73 NY2d 751, 752 [1988]["there is nothing to prevent a petit jury from acquitting although finding that the prosecution has proven its case," although it is "not a legally sanctioned function of the jury and should not be encouraged by the court"]).

Defendant's position is further undermined by cases involving conspiracy, criminal facilitation, and accomplice liability, which hold that criminality of one defendant is not required to establish criminality of another (see Berkowitz, 50 NY2d at 343; People v Oleksowicz, 101 AD2d 119 [2d Dept 1984]; People v Rasero, 62 AD2d 845, 851 [1st Dept 1978]).  Defendant seeks to distinguish these cases on the ground that the statutes for those crimes expressly provide that acquittal is no defense (Penal Law §§ 105.30, 115.10, 20.05).  We are unpersuaded.  In Chico this Court made plain that the assisted person's conviction is not a required element of the crime (Chico, 90 NY2d at 588).  As with the unilateral theory of criminal liability for conspiracy, the legal status of the assisted person -- the principal in this case -- is immaterial to defendant's criminal liability for hindering prosecution (People v Schwimmer, 47 NY2d

1004, 1005 [1979]).

Fundamentally, the reasoning of <u>Berkowitz</u> for permitting prosecution of one defendant when a coconspirator is acquitted applies just as forcefully to cases of hindering prosecution:

> "In most cases there will be significant disparities in the proof which is available against each of two defendants . . . . Hence, the acquittal of one of two defendants . . . does not mean that the People will necessarily be unable to prove the guilt of the other defendant beyond a reasonable doubt"

(<u>id.</u> at 346).

Defendant's supporting assertion, that collateral estoppel bars the People's continued prosecution of a defendant following the assisted person's acquittal, is based on a misapplication of the doctrine.  Collateral estoppel applies in a criminal case to prevent one party from "relitigat[ing] issues which have already been decided against" that party (<u>id.</u> at 343, quoting <u>People v Lo Cicero</u>, 14 NY2d 374, 380 [1964]).  Assuming without deciding there was an identity of the parties (<u>see</u> <u>Berkowitz</u>, 50 NY3d at 345), collateral estoppel could not apply because defendant pleaded guilty prior to Roche's acquittal, meaning that no previously determined facts were relitigated at defendant's sentencing.

C.

The logical basis for rejecting defendant's proposed

rule -- an assisted person's acquittal forecloses any finding of a defendant's criminal liability for hindering prosecution -- is rooted in the nature of the crime itself. The intended goal of hindering prosecution is the assisted person's evasion of criminal liability for the underlying felony. The more effective a defendant's attempts to obstruct law enforcement, the more likely the assisted person will escape prosecution or be acquitted. Defendant's rule would have the perverse result of treating as innocent a defendant who stymies an investigation, hides evidence -- as in this case -- or otherwise sabotages the prosecution, because those efforts lead to the assisted person's acquittal. Such an outcome would undermine the purpose of the statute: to hold accountable those who successfully or unsuccessfully interfere and to discourage such conduct (see Penal Law § 205.50). Additionally, in cases where the assisted person is being prosecuted, a defendant charged with hindering prosecution could plead guilty, with the intent of withdrawing the plea if the assisted person is acquitted. This is in contradiction of this Court's rule that, whenever possible, a guilty plea is treated as final (People v Ramos, 63 NY2d 640, 643 [1984]; see also People v Thomas, 53 NY2d 338, 344-5 [1981]).

We recognize the concerns implicit in defendant's argument that permitting his guilty plea to stand appears to grant the People two bites at the apple to establish the commission of the underlying felony. However, we do not view

defendant's conviction based on his voluntary plea as relaxing the People's heavy burden to establish guilt beyond a reasonable doubt for every person accused with a crime (People v Johnson, 94 NY2d 600, 610 [2000]).  The result might be different if a defendant asserted a supported claim of actual innocence in that he did not provide assistance, or if a defendant established that the assisted person was wrongly accused of a felony committed by someone else (see People v McKennion, 27 NY2d 671 [1970] [defendant who claims innocence before sentencing after pleading guilty entitled to hearing or withdrawal of plea if there is an assertion with factual support that plea was based on misunderstanding or mistake]; cf. Dixon, 29 NY2d at 56 [court has discretion not to withdraw guilty plea made knowingly and tactically when defendant makes unsupported claim of innocence before sentencing]).  In both those situations the defendant would not have hindered the prosecution of a felony committed by the assisted person.  Neither case is presented here, and defendant has never claimed that he did not take the gun from the scene of a homicide he had just observed Roche commit.

### III.

A plea "marks the end of a criminal case, not a gateway to further litigation" (Plunkett, 19 NY3d at 405).  As a consequence, "a motion to withdraw a guilty plea will not be granted merely for the asking" (Alexander, 97 NY2d at 485).  "A

defendant is not entitled to withdraw his guilty plea based on a subsequent unsupported claim of innocence, where the guilty plea was voluntarily made with the advice of counsel following an appraisal of all the relevant factors," which can include the strength of the evidence against defendant and hope of a reduced charge and sentence (<u>Dixon</u>, 29 NY2d at 57).  We conclude the court neither abused its discretion in denying defendant's motion to withdraw his plea, nor improperly rejected defendant's attempt to relitigate his guilt.  Accordingly, the order of the Appellate Division should be affirmed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order affirmed.  Opinion by Judge Rivera.  Chief Judge DiFiore and Judges Abdus-Salaam, Stein, Fahey and Garcia concur.  Judge Wilson took no part.

Decided February 14, 2017