People v Ruiz (2018 NY Slip Op 01722)





People v Ruiz


2018 NY Slip Op 01722


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


125 KA 15-02119

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BENILUIS RUIZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ERIN A. KULESUS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (SHIRLEY A. GORMAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 22, 2015. The judgment convicted defendant upon a jury verdict of, inter alia, sexual abuse in the first degree, rape in the third degree and criminal sexual act in the third degree (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted on counts 1, 4, 5 and 7 through 12 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, sexual abuse in the first degree (Penal Law § 130.65 [2]), rape in the third degree (§ 130.25 [2]), and three counts of criminal sexual act in the third degree (§ 130.40 [2]). The charges arose from defendant's sexual conduct with a relative when she was less than 17 years old.
Defendant's motion for a trial order of dismissal was based upon defense counsel's argument that the victim, during her testimony, had unspecified "problems with dates," and thus defendant failed to preserve for our review his present challenges to the legal sufficiency of the evidence supporting the felony charges (see People v Gray, 86 NY2d 10, 19 [1995]; People v Morse, 111 AD3d 569, 570 [1st Dept 2013], lv denied 22 NY3d 1157 [2014]). Viewing the evidence in light of the elements of those crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict on the felony charges is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). " The credibility of the victim and the weight to be accorded her testimony were matters for the jury,' " and we perceive no basis to disturb the jury's credibility determinations (People v Robinson, 41 AD3d 1183, 1183 [4th Dept 2007], lv denied 9 NY3d 880 [2007]).
We reject defendant's contention that County Court erred in denying his motion to preclude the People's expert witness from testifying based upon the lack of timely notice concerning the expert's testimony. "Pretrial discovery in criminal proceedings is governed by statute," and defendant identifies no statute requiring the People to provide discovery concerning the identity of the expert or the content of her testimony (People v Thompson, 92 AD3d 1139, 1140 [3d Dept 2012], affd 21 NY3d 555 [2013]). Defendant failed to preserve for our review his further contention that the testimony of the expert was improperly admitted in evidence because the jury did not require expert testimony concerning child sexual abuse accommodation syndrome (CSAAS) (see CPL 470.05 [2]; People v Mason, 162 AD2d 144, 144 [1st Dept 1990], lv denied 76 NY2d 860 [1990]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant also failed to preserve for our review his contention that the testimony of the [*2]expert was improperly utilized to prove that the charged crimes occurred and to bolster the victim's testimony. We agree with defendant, however, that the challenged testimony was improperly admitted, inasmuch as it was introduced primarily to prove that the charged crimes took place (see People v Knupp, 179 AD2d 1030, 1031-1032 [4th Dept 1992]), and we conclude that the error in its admission "operated to deprive defendant of a fair trial and thus warrant[s] reversal in the interest of justice" (id. at 1032; see CPL 470.05 [6] [a]).
In reaching that conclusion, we acknowledge that expert testimony concerning CSAAS and similar psychological syndromes has long been admissible to explain the behavior of a victim that might be puzzling to a jury (see People v Spicola, 16 NY3d 441, 465 [2011], cert denied 565 US 942 [2011]). Here, however, the expert witness did not confine her testimony to "educat[ing] the jury on a scientifically recognized pattern of secrecy, helplessness, entrapment [and] accommodation' experienced by a child victim" (People v Nicholson, 26 NY3d 813, 828 [2016]). Instead, the expert explained "grooming" and other behaviors associated with perpetrators of child sexual abuse. Her detailed description of a typical perpetrator's modus operandi, moreover, closely tracked the victim's testimony concerning defendant's conduct, and the prosecutor on summation urged the jury to conclude that defendant's interactions with the victim fit the description of a typical perpetrator's conduct as described by the expert. In sum, that part of the testimony of the expert describing the conduct of a typical perpetrator was not directed at explaining the victim's behavior. Rather, it was presented "for the purpose of proving that the [victim] was sexually abused" (People v Duell, 163 AD2d 866, 866 [4th Dept 1990]), which purpose was reinforced by the prosecutor's summation. Inasmuch as we conclude that the challenged expert testimony denied defendant his right to a fair trial, we reverse the judgment and grant defendant a new trial on counts 1, 4, 5 and 7 through 12 of the indictment.
In light of our determination, we do not address defendant's remaining contentions.
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court