People v Bellinger (2019 NY Slip Op 01315)





People v Bellinger


2019 NY Slip Op 01315


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8465 1716/13

[*1]The People of the State of New York, Respondent,
v
Ernest Bellinger, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J. at pretrial motions; Ronald A. Zweibel, J. at further motions, plea and sentencing), rendered November 10, 2016, convicting defendant of two counts of attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, unanimously affirmed.
The court properly denied defendant's motion to withdraw the guilty pleas at issue on appeal. Defendant pleaded guilty to three counts of attempted first-degree robbery, involving three incidents, with a promised sentence of three concurrent 15-year terms. At sentencing, the court granted defendant's motion to withdraw one of the pleas, on a ground specific to that plea, and dismissed that count as satisfied by the remaining two concurrent 15-year sentences. Defendant did nothing to alert the court to his present claim that he was thus entitled to withdraw the remaining pleas on the ground that all three pleas were part of a single plea bargain. Accordingly, this claim is unpreserved (see People v Mackey, 77 NY2d 846 [1991]), and we decline to review it in the interest of justice. As an alternative holding, we find, based on all the circumstances, that defendant received a sufficient remedy when the court dismissed the lone allegedly tainted count, and that the remaining pleas were not induced by an unfulfilled promise (see People v Collier, 22 NY3d 429, 433 [2013], cert denied 573 US 908 [2014]).
To the extent defendant moved to withdraw the two pleas at issue, he did so solely on a generalized claim of innocence. That claim was baseless and contradicted by the plea allocution, and the court providently exercised its discretion in rejecting it without further inquiry (see People v Fisher, 28 NY3d 717, 726 [2017]; People v Frederick, 45 NY2d 520 [1978]). The court also providently exercised its discretion in denying defendant's request for new counsel at sentencing, because defendant did not establish good cause for a substitution. Defendant's only colorable claim of ineffective assistance related to the count that the court had just dismissed.
Defendant did not establish his entitlement to any kind of evidentiary hearing relating to any Fourth Amendment issues. The police obtained a warrant to search a car that defendant left on the street after fleeing from the scene of one of the robberies. Defendant was not entitled to a Franks/Alfinito hearing to challenge the veracity of the affiant's statements in the search warrant application (see Franks v Delaware, 438 US 154 [1978]; People v Alfinito, 16 NY2d 181 [1965]), because defendant failed to make the requisite "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" (Franks, 438 US at 155-156). Defendant cast no such doubt on the affiant's statements, particularly with regard to the principal basis for the warrant, which is that, from a vantage point outside the car, an officer saw part of a handgun protruding from under the driver's seat. Defendant's claim that the police searched the car before applying for a warrant is speculative, and his submissions at various junctures, even when viewed [*2]collectively, did not create a factual dispute warranting a hearing into whether there was any unlawful police conduct (see generally People v Mendoza, 82 NY2d 415 [1993]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK