People v Melo (2020 NY Slip Op 02182)





People v Melo


2020 NY Slip Op 02182


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


11350 3326/16

[*1]The People of the State of New York, Respondent,
v
Jasson Melo, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John Vang of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Julia P. Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered January 3, 2018, convicting defendant, after a jury trial, of coercion in the first degree, assault in the third degree, aggravated harassment in the second degree, menacing in the second degree and endangering the welfare of a child, and sentencing him to an aggregate term of 2&frac13; to 7 years, unanimously affirmed.
The court providently exercised its discretion in admitting social media posts by defendant, including, among other things, a music video reenacting part of the crime. This evidence contained defendant's admissions to elements of the charged crimes (see People v Chico, 90 NY2d 585, 589 [1997]). To the extent the probative value of some of this evidence may have been outweighed by its potential for prejudice, any error in admitting it was harmless (see People v Crimmins, 36 NY2d 230, 241—242 [1975]). Independent of the evidence at issue, there was overwhelming evidence of defendant's guilt, including his recording of the original incident, his voice messages admitting that he threatened and punched the victim, the victim's testimony along with that of corroborating witnesses, and evidence of the victim's injuries.
Defendant has not established the prejudice requirement of a state or federal ineffective assistance of counsel claim (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Because of his misunderstanding of the court's Sandoval ruling, defense counsel elicited the underlying facts of a youthful offender adjudication incurred 9 years earlier when defendant was 16 years old, along with defendant's mitigating explanation of the incident. Although this was a mistake, as counsel acknowledged, he asked only three brief questions about the prior conduct, which was remote from and dissimilar to the instant offense, and he never revisited the issue in summation, nor did the prosecutor refer to it at any point. Accordingly, we find no reasonable possibility that counsel's error affected the outcome of the case or deprived defendant of a fair trial, particularly since there was overwhelming evidence of defendant's guilt. Defendant's remaining claim of ineffective assistance, relating to the above-discussed social media posts, is unreviewable on the present record.
Defense counsel impliedly consented to the court's submission to the jury of written copies of its final instructions, which the jurors were permitted to take with them when they [*2]retired to deliberate (see People v Muhammad, __ NY3d __, 2020 NY Slip Op 00180 [2020]; People v McFadden, 162 AD3d 501 [1st Dept 2018], lv denied, 32 NY3d 939 [2018]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK