OPINION OF THE COURT
Memorandum.
Judgment convicting defendant of criminal contempt in the second degree unanimously affirmed.
Judgment convicting defendant of criminal tampering in the third degree unanimously reversed on the law and facts and accusatory instrument dismissed.
Defendant contends that the accusatory instruments charging him with criminal contempt and criminal tampering are jurisdictionally defective. Initially, we note that defendant waived a reading of his rights at arraignment and the fact that he proceeded to trial constituted a waiver of the right to be prosecuted by informations (People v Connor, 63 NY2d 11). The failure to annex a copy of the order of protection to the purported information charging him with criminal contempt in the second degree renders it defective as an information because of its hearsay nature. However, the instrument contains a verified statement by Detective Daniel indicating the index number, date and source of the order of protection. More importantly, the accusatory instrument indicates that defendant was advised and served with a copy of the order of protection prior to the events which are the subject of the instant charges. The accusatory instrument qualifies as a misdemeanor complaint which sets forth reasonable cause to *746 believe that defendant committed the offense charged (CPL 100.40) and, therefore, the instrument is sufficient on its face.
We further find that the accusatory instrument charging defendant with criminal tampering is not jurisdictionally defective since it too contains allegations which provide reasonable cause to believe that he committed the offense charged (CPL 100.40) . Contrary to defendant’s contention, defendant’s intent can be inferred from the act itself (People v Bracey, 41 NY2d 296, 301; People v McGee, 204 AD2d 353). Whether or not defendant caused “substantial inconvenience” XP'enal Law § 145.14) to the complainant is a question oLfact to be proven at trial.
Defendant contends that the court below should have suppressed his statement to the police regarding the instant charges made without counsel on December 9, 1996 because he was represented by counsel in a pending aggravated harassment charge relating to an incident that occurred in July 1996. While the instant charges and the aggravated harassment charge involve the same victim, the events occurred approximately five months apart and they are unrelated to one another. While defendant was represented by counsel on the prior aggravated harassment charge, this alone will not bar police from obtaining a voluntary and knowing waiver of the right to counsel by the accused in the absence of counsel on the unrelated charges (People v Burdo, 91 NY2d 146; People v Cohen, 90 NY2d 632; People v Bing, 76 NY2d 331). In view of defendant’s voluntary and knowing waiver, suppression of his statement regarding the unrelated charges is not required.
In viewing the evidence in connection with the charges of criminal contempt in the second degree in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish defendant’s guilt beyond a reasonable doubt. Resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are questions to be determined by the jury after having heard the witnesses (see, People v Gaimari, 176 NY 84, 94; People v Vickers, 177 AD2d 608). The determination by the jury should be accorded great weight on appeal and shall not be disturbed unless clearly unsupported by the record (People v Garafolo, 44 AD2d 86). Upon review of the record and the evidence adduced at trial, we are satisfied that the verdict of guilt on the charge of criminal contempt was not against the weight of the evidence (see, CPL 470.15 [5]). However, the evidence and testimony adduced at trial was legally insufficient to establish *747 defendant’s guilt of the offense of criminal tampering in the third degree.
DiPaola, P. J., Ingrassia and Floyd, JJ., concur.