OPINION OF THE COURT
Memorandum.
Orders reversed on the law, defendant’s motions to dismiss denied, simplified traffic informations reinstated and matters remanded to the court below for all further proceedings.
In our opinion, the District Court erred in concluding that the instruments filed in that court could not be deemed “accusatory” instruments, i.e., valid simplified traffic informations. The accusatory instruments were each denominated “Information/Simplified Information.” The failure of the complainant officer to specify whether the instruments were either simplified informations or informations is not fatal to the court’s jurisdiction (see People v Corn, NYLJ, Nov. 13, 1985, at 15 [App Term, 9th & 10th Jud Dists]; People v Vierno, 159 Mise 2d 770 [Grim Ct, Richmond County 1993]). The accusatory instruments complied with the form required by the Commissioner of Motor Vehicles for simplified traffic informations with respect to approximate size and inclusion of spaces for the operator’s name, address, date of birth, sex, license identification, vehicle description, registration information, violation description, and time and place of appearance, and the complainant’s name and affiliation (Regulations of Commissioner of Motor Vehicles [15 NYCRR] part 91). Furthermore, while a simplified traffic information, by definition, does not contain any factual allegations of an evidentiary nature (CPL 100.10 [2] [a]), “[t]he inclusion of a factual section providing defendant somewhat more information than required by statute does not render an otherwise valid simplified traffic information invalid” (People v Fried, NYLJ, May 18, 1988, at 15 [App Term, 9th & 10th Jud Dists]; Vierno, 159 Misc 2d at 778). The subject accusatory instruments are sufficient simplified traffic informations since they designate the offenses charged, substantially conform to the form prescribed by the Commissioner of Motor Vehicles and provide the court sufficient information to establish that it has jurisdiction to hear the case (People v Eshaghpour, 12 Misc 3d 134[A], 2006 NY Slip Op 51193[U] [App Term, 9th & 10th Jud Dists 2006]; see CPL 100.10 [2] [a]; 100.25 [1]; 100.40 [2]).
*9 We are aware that there may be circumstances where a correct denomination of an accusatory instrument could have an effect on the outcome of the case. In People v Casey (95 NY2d 354, 359 [2000]), the Court of Appeals stated “the accusatory instrument here was denominated, and purported to be, a misdemeanor information with a supporting deposition, not a misdemeanor complaint. That the instrument would have qualified as a misdemeanor complaint did not make it one.” Contrary to defendant’s contention, however, the Court of Appeals’ observation in Casey has no application to the case at bar. We note that “[i]t would indeed be ironic if an excess of details, beyond the minimum requirements, would undermine the sufficiency of the simplified information[s]” (Vierno, 159 Misc 2d at 776).
Accordingly, the orders are reversed, defendant’s motions to dismiss denied and the matters remanded on the reinstated simplified traffic informations.
Rudolph, EJ., McCabe and Molía, JJ., concur.