[980 NE2d 491, 956 NYS2d 443]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY FERNANDEZ, Appellant.

Argued September 13, 2012; decided October 25, 2012

## POINTS OF COUNSEL

*Steven Banks, Legal Aid Society*, New York City (*Svetlana M. Kornfeind* of counsel), for appellant. The accusatory instrument charging appellant with a traffic misdemeanor is a jurisdictionally

defective misdemeanor complaint, where it is denominated "Complaint/Information," and where the instrument alleges evidentiary facts purporting to establish the elements of the offense charged but omits entirely facts supporting "reasonable cause" to believe that appellant knew or had reason to know he was driving with a suspended or revoked license. (*People v Casey*, 95 NY2d 354; *People v Dreyden*, 15 NY3d 100; *People v Nuccio*, 78 NY2d 102; *People v Di Gioia*, 98 Misc 2d 359; *People v Burwell*, 53 NY2d 849; *People v Alejandro*, 70 NY2d 133; *People v Kalin*, 12 NY3d 225; *People v Hall*, 48 NY2d 927; *People v Jones*, 9 NY3d 259; *People v Konieczny*, 2 NY3d 569.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Terry-Ann Corniffe* and *Leonard Joblove* of counsel), for respondent. The accusatory instrument was a facially sufficient simplified traffic information. (*People v Nuccio*, 78 NY2d 102; *People v Key*, 45 NY2d 111; *People v Weinert*, 178 Misc 2d 675; *People v Beattie*, 80 NY2d 840; *People v Connor*, 63 NY2d 11; *People v Monclavo*, 87 NY2d 1029; *People v Casey*, 95 NY2d 354; *People v Delmonaco*, 16 Misc 3d 526; *People v Gindi*, 166 Misc 2d 672; *People v Weinberg*, 34 NY2d 429.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The issue presented by this appeal is whether the accusatory instrument was a facially sufficient simplified traffic information, although it was titled "Complaint/Information," and contained factual information. For the reasons set forth below, we hold that the accusatory instrument was sufficient to serve as a simplified traffic information because it was substantially in the form prescribed by the Commissioner of Motor Vehicles.

On January 9, 2009, defendant was arrested and arraigned on charges of aggravated unlicensed operation of a motor vehicle pursuant to Vehicle and Traffic Law § 511 (1) (a).[1] Defendant had 13 prior license suspensions. The accusatory instrument was four by eight inches and the front of the accusatory instrument

---

1. "A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner" (§ 511 [1] [a]).

was denominated, "COMPLAINT/INFORMATION." In a space designated, "Description of Violation," the instrument stated, "Aggravated Unlicensed Operator." The instrument listed defendant's name, address, date of birth, sex, license information, vehicle description and vehicle registration information. The accusatory instrument also listed the date, time and address at which defendant was stopped. The reverse side was denominated "CRIMINAL COURT INFORMATION (DESCRIBE OFFENSE)," and was accompanied by the following handwritten description: "At t/p/o, A/O observed Deft driving S/B on 4th Ave & 40th St operating a Black, 1998 Lincoln Town car Indiana Plate #1375E complete a left turn onto 40th St. across three lanes of traffic. Informed by DMV that Deft license revoked (13 on 7 dates) [sic]."

A box was marked indicating outstanding warrants had been checked. The arresting officer dated and signed the instrument immediately below the factual write up, that the officer "PERSONALLY OBSERVED THE COMMISSION OF THE OFFENSE CHARGED HEREIN."

Traffic misdemeanors may be prosecuted in criminal court by a misdemeanor information, misdemeanor complaint or simplified traffic information. A facially sufficient misdemeanor complaint complies with the form and content requirements of CPL 100.15 and, in its factual portion, alleges evidentiary facts providing reasonable cause to believe that the defendant committed the offense charged. (CPL 100.15 [3]; 100.40 [4] [b].) Omission of an element of the charged crime renders a misdemeanor complaint jurisdictionally defective (*People v Dreyden*, 15 NY3d 100 [2010]). A defendant may only be prosecuted upon a misdemeanor complaint if prosecution by misdemeanor information is waived.

As defined in CPL 100.10 (2),[2] a simplified traffic information is a streamlined instrument designed for the expeditious

---

2. CPL 100.10 (2) (a) provides:
   "A 'simplified traffic information' is a written accusation by a police officer, or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged but contains no factual allegations of an evidentiary nature supporting such charge or charges. It serves as a basis for commencement of a criminal action for such traffic offenses, alternative to the charging thereof

processing of traffic infractions; it is a short, written accusation, signed by a police officer and filed with a criminal court. Evidentiary facts are not required. To be facially sufficient, the instrument must also comply with the requirement of CPL 100.25 (1) that it be *"substantially* in the form prescribed by the commissioner of motor vehicles" (emphasis added).

The *arraignment court declined to rule on* "whether . . . this is a simplified traffic [information]," or a misdemeanor complaint. Defense counsel waived the reading of defendant's rights—which included the reading of his right to have a supporting deposition filed[3]—and waived prosecution by information "[j]ust in case," and defendant pleaded guilty to the misdemeanor of aggravated unlicensed operation of a motor vehicle in the third degree, under Vehicle and Traffic Law § 511 (1) (a), in exchange for a $350 fine and a conditional discharge that required him to clear up his outstanding traffic tickets. Defendant violated the terms of the conditional discharge, and the court sentenced him to 30 days, a term that has been fully served.

Defendant challenged his conviction by arguing that the accusatory instrument was a facially insufficient misdemeanor complaint, because it omitted an element of the offense charged. The People, on the other hand, argued that the accusatory instrument was a simplified traffic information, which required no factual allegations.

The Appellate Term held that

> "although the accusatory instrument is denominated a 'complaint/information,' it is a sufficient simplified traffic information since it designates the offense charged, substantially conforms to the form prescribed by the Commissioner of Motor Vehicles and provides the court with sufficient information to establish that it has jurisdiction to hear the case"

---

by a regular information, and, under circumstances prescribed in section 100.25, it may serve, either in whole or in part, as a basis for prosecution of such charges."

**3.** A defendant who is charged by a simplified traffic information is entitled, upon request, to the filing and service of a supporting deposition; or, at arraignment after arrest (as opposed to a Desk Appearance Ticket) the court must inform defendant of his right to have a supporting deposition filed unless defendant waives the reading of that right. Defendant here did not request a supporting deposition and his attorney waived the reading of the right to have one filed.

(31 Misc 3d 144[A], 2011 NY Slip Op 50932[U], \*1
[2011] [citations omitted]).

The Appellate Term relied on *People v Ferro* (22 Misc 3d 7 [App
Term, 2d Dept 2008], *lv denied* 12 NY3d 757 [2009]), in holding
that the title of the instrument is not controlling.

## I

■ Defendant's main argument is that the accusatory instru-
ment was denominated "Complaint/Information," and included
factual allegations as to only some of the elements of the of-
fense charged, and therefore must be held to be an insufficient
misdemeanor complaint, rather than a simplified traffic infor-
mation. As explained below, we reject this contention.

## A

Defendant points to our decision in *People v Casey* (95 NY2d
354 [2000]) for the proposition that a title controls what a docu-
ment is and since the document at issue is titled "Complaint/
Information," it is a misdemeanor complaint.

*Casey* concerned claims that a misdemeanor information for
criminal contempt was jurisdictionally defective because of its
hearsay nature (*id.* at 358-359). The Appellate Term held that
since the information would have "qualifie[d] as a misdemeanor
complaint," and since defendant waived the right to be prose-
cuted by information, it was not jurisdictionally defective (*People
v Casey*, 181 Misc 2d 744, 745 [App Term, 2d Dept 1999], citing
*People v Connor*, 63 NY2d 11 [1984]). We upheld defendant's
conviction, but for different reasons (*Casey*, 95 NY2d at 359).
We explained that we did not find a basis in the record for a
waiver of a right to be prosecuted by information (*id.*). We then
noted:

> "Moreover, as the Appellate Term acknowledged,
> the accusatory instrument here was denominated,
> and purported to be, a misdemeanor information
> with a supporting deposition, not a misdemeanor
> complaint. That the instrument would have *quali-
> fied* as a misdemeanor complaint did not make it
> one. Since the accusatory instrument here was in
> fact a local criminal court information, and not a
> misdemeanor complaint, the District Court would
> not have had the statutory obligation to inform de-
> fendant that he 'may not be prosecuted [on a misde-
> meanor complaint] . . . unless he consents' " (*id.*).

Nonetheless, we held that the nonhearsay requirement could be satisfied by the contents of the supporting deposition, and, more broadly, an information should be given "a fair and not overly restrictive or technical reading" (*id.* at 359-360).

Our comment about denomination was a side-note, peripheral to the main holding and relevant only to the issue of waiver. A misdemeanor information is an accusatory instrument alleging nonhearsay evidentiary facts supporting every element of the offense charged. A defendant may be prosecuted by misdemeanor information alone. By contrast, a misdemeanor complaint is a misdemeanor information but with hearsay allegations permitted. A defendant may *not* be prosecuted by a misdemeanor complaint—and the trial court is required to so inform the defendant—unless prosecution by information is waived, or unless a supporting deposition is filed. Plainly, our comment in *Casey* was simply about whether the instrument did or did not include hearsay allegations, and what corresponding obligations the trial court had in ensuring that defendant properly waived his rights.

Moreover, a simplified traffic information need only "substantially" conform to the requirements of the Commissioner of Motor Vehicles (CPL 100.25). Title then cannot be dispositive when it is the legislature's intention that no single part of the form be dispositive. This holistic approach to identifying the form is entirely consistent with the central holding of *Casey*. There, we said that "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*id.* at 360). Furthermore, the Commissioner of Motor Vehicles does not require a simplified traffic information to have any title at all (*see* 15 NYCRR 122.2). It would be illogical, then, to find that the title of the form governs over its substance (*see e.g. People v Chestnut*, 19 NY3d 606, 611 n 2 [2012] [noting that a party's adherence to the preservation rule's "specific objection" requirement should not "emphasize form over substance"]; *People v Vespucci*, 75 NY2d 434, 442 [1990] [holding that prosecutor's alternative arrangement complied with sealing requirement of eavesdropping statute because "(t)o rule otherwise would sacrifice substance for form and not advance" the purposes of the statute]).

The Appellate Term correctly concluded that the principles expressed in *People v Ferro* were applicable. There, the court

held that an accusatory instrument ambiguously denominated "Information/Simplified Information" could function as either a regular or a simplified traffic information because the substance of the document rather than its denomination controlled (22 Misc 3d at 8-9 [distinguishing *Casey*]).

## B

That the simplified traffic information included more factual detail than was required by the statute is inconsequential. After all, the point of an accusatory instrument is to give defendant fair notice of the charges levied against him or her. An excess of detail, therefore, cannot be fatal to its facial sufficiency. As the Appellate Term noted in *Ferro*, "[i]t would indeed be ironic if an excess of details, beyond the minimum requirements, would undermine the sufficiency of the simplified information[s]" (22 Misc 3d at 9 [internal quotation marks and citation omitted]).

## II

Defendant also argues this is not a facially sufficient simplified traffic information since the form used in this case does not comply with 15 NYCRR part 91, promulgated pursuant to Vehicle and Traffic Law § 207, which authorizes the Commissioner of Motor Vehicles to prescribe the form of a uniform summons and complaint in traffic violation cases. However, neither Vehicle and Traffic Law § 207 nor 15 NYCRR part 91 apply to simplified traffic informations in New York City.[4]

Instead, the applicable requirements derive from Vehicle and Traffic Law § 226,[5] which authorizes the Commissioner of Motor Vehicles to prescribe the form of a summons and complaint

---

4. Vehicle and Traffic Law § 207 (4) states, in relevant part, that "[t]he provisions of this section shall not apply to or supersede any ordinance, rule or regulation heretofore or hereafter made, adopted or prescribed pursuant to law in any city having a population of one million or over" for offenses occurring therein. Similarly, 15 NYCRR part 91 includes a provision which states that "[t]his Part shall not apply to tickets issued within any city having a population of one million or over for offenses occurring therein" (15 NYCRR 91.4 [a]).

5. Vehicle and Traffic Law § 226 authorizes the Commissioner of Motor Vehicles to prescribe the form of a summons and complaint in all cases involving traffic infractions, as specified in Vehicle and Traffic Law § 225 (1). Although defendant argues that this section cannot apply to his case, because aggravated unlicensed operation in the third degree is a misdemeanor, Vehicle and Traffic Law § 225 (1) applies to misdemeanors when a traffic infraction and a crime arise out of the same transaction or occurrence. In this case, defendant was stopped because he completed a left turn across three lanes of

in traffic cases. The regulation, 15 NYCRR 122.2, promulgated pursuant to Vehicle and Traffic Law § 226, was intended to designate the form to be used for a simplified traffic information, but the regulation was revised in 1978 and now includes neither a sample illustrated form nor the express language "simplified traffic information." As the Criminal Court has held, the deletion of that specific language from the regulation does not evince "any intent to alter the use of the part 122 form as the simplified traffic information in New York City" (*People v Gindi*, 166 Misc 2d 672, 680 [Crim Ct, NY County 1995]).

The part 122 complaint form, as the City of New York's simplified traffic information, is embodied in New York City Police Department (NYPD) Patrol Guide Procedure No. 209-11, which depicts the multipurpose form that is used for any misdemeanor or violation listed in the Vehicle and Traffic Law. Procedure No. 209-11 was promulgated pursuant to New York City Charter § 434 (b), which gives the Police Commissioner responsibility for the "execution of all laws and the rules and regulations of the [police] department." The form in Procedure No. 209-11 is the form that was used in this case, and is the form that is routinely used as a simplified traffic information in parts of New York City to prosecute traffic misdemeanors in criminal court. Most importantly, form 209-11 substantially complies with the requirements specified in 15 NYCRR 122.2.

15 NYCRR 122.2 (a) provides that the "ticket packet shall be a multipage form of at least three parts, approximately 4¼ inches wide and 8½ inches high, including a half-inch stub for binding across the top." Additionally, a "serial number, in a series, form and color approved by the commissioner, shall be printed at the top of each part" (§ 122.2 [b]), and "[p]art 1, the complaint, shall contain space for: (1) motorist's name; (2) address; (3) date of birth; (4) sex; (5) license identification; (6) ve-

---

traffic, which is a traffic infraction. After he was stopped, it was determined that he had also violated Vehicle and Traffic Law § 511 (1), aggravated unlicensed operation in the third degree, which is a crime. Vehicle and Traffic Law § 225 (1) states:

"Whenever a crime and a traffic infraction arise out of the same transaction or occurrence, a charge alleging both offenses may be made returnable before the court having jurisdiction over the crime. Nothing herein provided shall be construed to prevent a court, having jurisdiction over a criminal charge relating to traffic or a traffic infraction, from lawfully entering a judgment of conviction, whether or not based on a plea of guilty, for any offense classified as a traffic infraction."

hicle description; (7) registration information; (8) violation description; (9) time and place of appearance; and (10) complainant's name and affiliation" (§ 122.2 [c]). In this case, the accusatory instrument was a NYPD Patrol Guide form, Procedure No. 209-11, which was approximately four inches wide and approximately eight inches high. It had a serial number printed at the top, and it included space for all of the categories enumerated in 15 NYCRR 122.2 (c) which were all filled in with the requisite information. Defendant's accusatory instrument therefore substantially complied with the requirements enumerated in section 122.2, and thus was a facially sufficient simplified traffic information.[6]

## III

Although we hold that according to the technical specifications of the regulations, Procedure No. 209-11 substantially complies with 15 NYCRR 122.2, and is therefore sufficient as a simplified traffic information, a new more carefully drawn form would better service the city and the public. The present form is confusing and hardly "simplified." It would seem clear that, at the very least, a simplified traffic information used in New York City should be titled "simplified traffic information" and should not include any space for factual allegations.

Accordingly, the order of the Appellate Term should be affirmed.

PIGOTT, J. (dissenting). While the issue in this case, colored by the defendant's rather checkered past of run-ins with the Vehicle and Traffic Law, may seem trivial or nettlesome, it points up a vexing problem in this area of the law. Was the defendant charged using a simplified traffic information, a misdemeanor complaint, or a misdemeanor information? The dilemma is not uncommon. Unfortunately, it seems that over the years importantly different documents have been conflated into one to the benefit of no one.

---

**6.** Defendant pointed out that Procedure No. 209-11, as listed in the Patrol Guide, states "CRIMINAL COURT[:] *PEDESTRIAN OFFENSES AND TRAFFIC MISDEMEANORS (except unlicensed operator . . . )*." This note instructs police officers that for the crime of unlicensed operator, a Desk Appearance Ticket, which does not accompany an arrest but requires defendants to come to criminal court at a specified later date, should not be issued. Instead, a defendant charged with unlicensed operator should immediately be taken into custody—which is what happened here—rather than be allowed to reenter and operate his or her vehicle.

## I.

A simplified traffic information is

"a written accusation by a police officer, or other public servant authorized by law to issue same, filed with a local criminal court, which charges a person with the commission of one or more traffic infractions and/or misdemeanors relating to traffic, and which, being in a brief or simplified form prescribed by the commissioner of motor vehicles, designates the offense or offenses charged *but contains no factual allegations of an evidentiary nature supporting such charge or charges*" (CPL 100.10 [2] [a] [emphasis added]).

It is "designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used. It need not provide on its face reasonable cause to believe defendant has committed the offense" (*People v Nuccio*, 78 NY2d 102, 104 [1991]; *see also People v Key*, 45 NY2d 111, 115-116 [1978]).

Because of its streamlined nature, a person charged by a simplified traffic information is entitled, upon request, to a supporting deposition. Under the statute,

"where a person is charged by a simplified information and is served with an appearance ticket as defined in [CPL] 150.10, such appearance ticket shall contain the following language: 'NOTICE: YOU ARE ENTITLED TO RECEIVE A SUPPORTING DEPOSITION FURTHER EXPLAINING THE CHARGES PROVIDED YOU REQUEST SUCH SUPPORTING DEPOSITION WITHIN THIRTY DAYS FROM THE DATE YOU ARE DIRECTED TO APPEAR IN COURT AS SET FORTH ON THIS APPEARANCE TICKET. DO YOU REQUEST A SUPPORTING DEPOSITION? [ ]YES[ ] NO' " (CPL 100.25 [4]).

This is an important requirement because, in the vast majority of cases, motorists will mail in their pleas. Motorists are entitled to a supporting deposition if they need one, and must be advised of that right.

As the majority points out (*see* majority op at 52), the regulation intended to designate the form to be used for a simplified traffic information in New York City (where defendant

was arrested) is 15 NYCRR 122.2. That regulation provides that a simplified traffic information shall have "at least three parts" (15 NYCRR 122.2 [a])—part I, the "complaint" (15 NYCRR 122.2 [c]), and parts II and III, the "appearance ticket and the summons" (15 NYCRR 122.2 [f])—and "[a] serial number . . . shall be printed at the top of each part" (15 NYCRR 122.2 [b]). The reverse side of the ticket "shall contain a plea form and instructions for answering said summons" (15 NYCRR 122.2 [e]). The simplified traffic information will contain a "violation description" (15 NYCRR 122.2 [c] [8]), but will not contain space for a detailed description of the offense or allegations of the facts underlying it (*see* 15 NYCRR 122.2 [c]), so as to be consistent with CPL 100.10 (2) (a).

The accusatory instrument in this case bears little resemblance to that template. Most crucially, the instrument contained no fewer than eight lines headed "Criminal Court Information (Describe Offense)" that the arresting officer may fill with a description of the facts underlying the offense. The form therefore clearly contravenes the dictates of CPL 100.10 (2) (a) (simplified traffic information "contains no factual allegations of an evidentiary nature supporting such charge or charges").

Moreover, although the instrument included what purports to be an appearance ticket and summons, it does not include the statutorily required language concerning entitlement to receive a supporting deposition (*see* CPL 100.25 [4]). If it were a simplified traffic information, it would have to be dismissed as facially insufficient.[1]

Additionally, although the instrument has "a serial number printed at the top" (majority op at 53) and at the foot of the reverse side, it does *not* have a serial number at the top of *each part*, in violation of 15 NYCRR 122.2 (b). In fact, it is not at all clear where each part begins and ends. And, while the reverse contains a plea form, it has no instructions for answering the summons, as required by 15 NYCRR 122.2 (e); the latter appear on the first page.

---

**1.** The majority states that, in the absence of such notice, the court must inform a defendant of his right to have a supporting deposition filed, unless the defendant waives the reading of that right (majority op at 48 n 3; *see* CPL 170.10 [4] [c]). The majority concludes that here defendant's counsel waived the reading of defendant's right to a supporting deposition. Counsel did if we accept the record evidence that she waived the reading of rights and charges for all her cases that evening. But this does not constitute a knowing waiver and, absent some notice on the accusatory instrument, serves as no notice at all.

While I accept that a simplified traffic information must only be *"substantially* in the form prescribed by the commissioner" (CPL 100.25 [1] [emphasis added]; *but see* CPL 100.10 [2] [a] [no use of the word "substantially"]), the differences here are significant enough that, as a practical matter, this document is plainly something other than a simplified traffic information.

As the majority notes, the accusatory instrument in this case was on the form depicted in New York City Police Department Patrol Guide Procedure No. 209-11 (Form 209-11) (*see* majority op at 52). Indeed it is fair to say that the instrument is not "substantially in the form prescribed by the commissioner" (CPL 100.25 [1]); it is in a form prescribed by the Police Department. Form 209-11 is a versatile accusatory instrument, which the Patrol Guide describes as a "Criminal Court Summons" or a "Complaint/Information" and is to be used for "pedestrian offenses and traffic misdemeanors."[2] As examples of offenses for which it might be used, the Patrol Guide gives disorderly conduct (Penal Law § 240.20 [5]) and trespass (Penal Law § 140.05). If the offense is "returnable to Criminal Court," the arresting officer is directed to complete a section of the form titled "Criminal Court Information." The officer is instructed that this section "must include eyewitness (non-hearsay) allegations of fact describing acts of the defendant," rather than merely "the specific language of the law." In other words, Form 209-11 is designed to be used as a *regular* criminal court information (*see* CPL 100.10 [1]) that must include a "factual part" (CPL 100.15 [3]), containing "[n]on-hearsay allegations" that "establish, if true, every element of the offense charged and the defendant's commission thereof" (CPL 100.40 [1] [c]). There is no indication whatsoever that Form 209-11 was designed to be a simplified traffic information.

The majority analyzes *People v Casey* (95 NY2d 354 [2000]), pointing out that it does not stand for the proposition that the title of an accusatory instrument is dispositive (*see* majority op at 49-50). That much is correct. However, *Casey* clearly stands for a related proposition—an accusatory instrument that "was denominated, *and purported to be*, a misdemeanor information" is a misdemeanor information (*Casey*, 95 NY2d at 359 [emphasis added]). I disagree with the majority's assertion that this holding

---

**2.** The Patrol Guide states that Form 209-11 is not to be used for "unlicensed operator" offenses. The majority's speculative explanation of this exception (majority op at 53 n 6) is impossible to evaluate because it is unsupported by citation or argument.

in *Casey* "was a side-note, peripheral to the main holding" (majority op at 50). In fact, it was the basis of our conclusion that the accusatory instrument in that case "was in fact a local criminal court information" (95 NY2d at 359). If we had concluded otherwise, the rest of our opinion in *Casey*, which assumed that the instrument was an information, would have been superfluous.

Here, the accusatory instrument not only was titled "Complaint/Information," rather than "Simplified Traffic Information," but it also purported to be a regular information, insofar as it gave the arresting officer the opportunity to describe in detail the facts underlying the suspected offense or misdemeanor. Therefore, contrary to the majority's assertion, *Casey* is controlling.

The accusatory instrument in this case was not a simplified traffic information with some unnecessary factual detail (*see* majority op at 51), but an insufficient misdemeanor information. The instrument did not allege evidentiary facts showing the basis for the arresting officer's conclusion that the defendant knew, or had reason to know, that his license had been revoked, an element of the offense charged.[3] This is despite the fact that there was ample space (eight lines) to do so, and the arresting officer otherwise described the evidentiary facts in detail. Therefore, the accusatory instrument was insufficient and should have been dismissed as jurisdictionally defective (*see generally People v Dreyden*, 15 NY3d 100, 102-103 [2010]; *People v Jones*, 9 NY3d 259, 262 [2007]).

The majority concedes that Form 209-11 is "confusing," and suggests in conclusion that "a simplified traffic information used in New York City *should* be titled 'simplified traffic information' and *should not* include any space for factual allegations" (majority op at 53 [emphases added]). But CPL 100.10 (2) (a) compels us to say "must" rather than "should." Nothing but confusion will be engendered by the majority's suggesting a better form, instead of simply requiring it. Defendants will be left to navigate a fog of obscurity concerning whether they are being charged by means of a simplified traffic information, misdemeanor complaint, or misdemeanor information. Prosecutors and police officers, meanwhile, are encouraged to believe that accusatory instruments that in any way resemble a simplified

---

3. Since the defendant waived his right to be prosecuted by information, it must be evaluated as a misdemeanor complaint, as defendant argues.

traffic information need not comply with "reasonable cause" sufficiency standards. And courts are left to sort it out.

## II.

Although the arraignment court declined to rule on whether the accusatory instrument was a simplified traffic information, the Appellate Term affirmed the arraignment court's judgment on the basis that the accusatory instrument was a simplified traffic information (31 Misc 3d 144[A], 2011 NY Slip Op 50932[U] [2011]). The Appellate Term therefore affirmed on a ground that the lower court had not decided adversely to the appealing party, which would at first blush appear to be a violation of *People v LaFontaine* (92 NY2d 470 [1998]). This would mean that we would have to reverse the Appellate Term's order and remand to the Criminal Court. Although I believe that *LaFontaine* was wrongly decided (*see People v Ingram*, 18 NY3d 948, 949-951 [2012, Pigott, J., dissenting]), we are constrained by that decision, and we cannot be arbitrary in applying it. However, as the majority implicitly holds, *LaFontaine* is inapplicable here. This is because the alleged error would be a mode of proceedings error, and *LaFontaine* does not apply to these (*see People v Concepcion*, 17 NY3d 192, 199 [2011] [noting that there is no *LaFontaine* error when the issue decided by the intermediate appellate court is one that "does not need to be raised or preserved at trial in order to be reviewed on appeal"]).

For the reasons stated in part I of this opinion, I would reverse the order of the Appellate Term, and dismiss the accusatory instrument.

Judges CIPARICK, GRAFFEO, READ and JONES concur with Chief Judge LIPPMAN; Judge PIGOTT dissents and votes to reverse in a separate opinion in which Judge SMITH concurs.

Order affirmed.