OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, on the law, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Defendant was issued an appearance ticket on October 23, 2010, and was charged with leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1] [a]) via a simplified traffic information (according to defendant), dated October 23, 2010, or via a long-form “violation information” (according to the People), dated October 28, 2010. In fact, the record contains the filed copies of both accusatory instruments stapled together. On or about November 18, 2010, defendant demanded a supporting deposition (see CPL 100.25 [2]). Following defendant’s January 3, 2011 arraignment, defendant moved to dismiss both accusatory instruments on the grounds that a simplified traffic information may not be superseded by another information and that he was never served with a supporting deposition, absent which the simplified traffic information was insufficient on its face. In their opposing papers, the People acknowledged that a supporting deposition had never been produced. The District Court denied the motion, ruling that the document initially issued to defendant was a field appearance *45 ticket and not an accusatory instrument, and that defendant was arraigned on an information which did not improperly supersede a simplified traffic information. On December 13, 2011, defendant pleaded guilty to the offense and was fined $100. Defendant appeals on the grounds asserted in his motion to the District Court, and on the additional ground that the second information is jurisdictionally defective on its face.
One of the documents filed in the District Court is denominated a simplified traffic information, but bears the handwritten notation “F.A.T.” (field appearance ticket). Nevertheless, viewed “holistic[ally]” (People v Fernandez, 20 NY3d 44, 50 [2012]), that instrument satisfies the requirements of a simplified traffic information (see Regulations of Commissioner of Motor Vehicles [15 NYCRR] part 91; CPL 100.10 [2] [a]; 100.25 [1], [4]; 100.40 [2]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]; People v Ferro, 22 Misc 3d 7 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]), as the People so acknowledged in the District Court, when they admitted that, at his arraignment on the information, defendant “received” a simplified traffic information. Having been filed with the District Court, the simplified traffic information conferred jurisdiction on the court to adjudicate the case (People v Gilberg, 166 Misc 2d 772, 773 [App Term, 2d Dept, 9th & 10th Jud Dists 1995]). As the People commenced the action via a simplified traffic information (see generally People v Tyler, 1 NY3d 493, 496 [2004]), the subsequent accusatory instrument is a nullity because a simplified traffic information may not be superseded by another type of information (People v Donnelly, 30 Misc 3d 136[A], 2010 NY Slip Op 52376[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]; People v Greco, 12 Misc 3d 83, 84 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; People v Baron, 107 Misc 2d 59, 61 [App Term, 2d Dept, 9th & 10th Jud Dists 1980]). Since the People never provided the timely requested supporting deposition (see CPL 100.25 [2]), the simplified traffic information is insufficient on its face and must be dismissed (CPL 100.40 [2]; People v Nuccio, 78 NY2d 102, 104 [1991]; People v Bollag, 42 Misc 3d 149[A], 2014 NY Slip Op 50407[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]).
Even were we to determine that the initial “instrument” was a mere appearance ticket and the filing of the long-form information proper, we would find the information to be jurisdiction-ally defective on its face as it lacks factual assertions sufficient *46 to establish the element of damage (People v Marotti, 20 Misc 3d 16, 18 [App Term, 2d Dept, 9th & 10th Jud Dists 2008]; see People v Fernandez, 20 NY3d at 47; People v Kalin, 12 NY3d 225, 229 [2009]). Similarly, we need not determine whether the officer’s sworn statement set forth in the long-form information could qualify as a supporting deposition since it lacks the necessary “factual allegations of an evidentiary character” supporting or tending to support the element of damage (CPL 100.20; see CPL 100.25).
Accordingly, the judgment of conviction is reversed, the accusatory instrument is dismissed, and the fine, if paid, is remitted.
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.