[8 NYS3d 852]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY AZUMAN, Appellant.

Supreme Court, Appellate Term, Second Department,
2d, 11th and 13th Judicial Districts, April 3, 2015

## APPEARANCES OF COUNSEL

*Charles J. Hynes, District Attorney*, Brooklyn (*Leonard Job-love, Adam M. Koelsch* and *Gabrielle Lang* of counsel), for respondent.

*Alden T. Lewis*, Brooklyn, for appellant.

## OPINION OF THE COURT

MEMORANDUM.

Ordered that, on the court's own motion, the appeals are consolidated for the purposes of disposition; and it is further, ordered that the judgments of conviction are reversed, on the law and as a matter of discretion in the interest of justice, the accusatory instruments are dismissed, and the fines, if paid, are remitted.

On December 20, 2011, the People charged defendant, in separate accusatory instruments, with operating an unlicensed for-hire vehicle (Administrative Code of City of NY § 19-506 [b]) and unlicensed operation of a for-hire vehicle (Administrative Code of City of NY § 19-506 [d]), alleging that, on Howard Avenue near the intersection of Blake Avenue in Kings County, New York, following the stop of his vehicle for excessively tinted windows, defendant admitted that he was "acting as a taxi without proper registration for the vehicle" and "acting as a taxi without a TLC [Taxi and Limousine Commission] license." Defendant consented to a trial of both charges before a judicial hearing officer (J.H.O.).

At the nonjury trial, at which defendant was represented by counsel, a police officer testified as to his stop of defendant's vehicle, his observation of a passenger in the vehicle's rear seat, and statements by defendant and the passenger that the

latter was being transported for a fee. Following the trial, defendant was convicted of both charges. On appeal, defendant raises claims of error regarding the facial sufficiency of the accusatory instruments, the admission of statements, the legal sufficiency of the proof, and the conduct of the J.H.O.

We find that the accusatory instruments were facially sufficient to charge the offenses (*see People v Fernandez*, 20 NY3d 44, 51-52 [2012]); that defendant's statement to the officer was properly admitted into evidence (*People v Caban*, 5 NY3d 143, 151 and n [2005]; *People v Chico*, 90 NY2d 585, 589 [1997]; *People v Nealy*, 32 AD3d 400, 402 [2006]); that, while hearsay, the passenger's statement was properly admitted in the absence of an objection (*People v Roman*, 111 AD3d 417, 417 [2013]; *People v Morris*, 14 Misc 3d 144[A], 2007 NY Slip Op 50387[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; *see also People v Smalls*, 293 AD2d 500, 501 [2002]); and that the J.H.O. applied appropriate criteria in evaluating credibility (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

However, while defendant has failed to preserve a claim that the evidence was legally insufficient to prove the offenses (CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 20-21 [1995]), in the interest of justice, we address the issue, reverse both judgments of conviction, and dismiss the accusatory instruments.

There was no proof that defendant was not a licensed taxi driver, by reference to either the content of the driver's license produced to the officer at the scene of the stop or to whether a search of Department of Motor Vehicles' records revealed that no license of the types identified in Administrative Code § 19-506 (d) had been issued to defendant. Although the accusatory instrument alleged that defendant had admitted the offense, the officer's trial testimony—that defendant had acknowledged that he had acted as a taxi driver—was insufficient to establish that defendant did so illegally, which remained the People's burden to prove. The evidence was also legally insufficient to establish a violation of Administrative Code § 19-506 (b). While the Rules of the City of New York Taxi and Limousine Commission require that the license plates for "For-Hire Vehicles" be "embossed" with the legend "T & LC" (*see* Rules of City of NY Taxi and Limousine Commn [35 RCNY] §§ 59A-11 [a] [1] [i]; 59A-28 [b] [3]; 59B-11 [b] [1] [i]; 59B-28 [b] [4]), they do not require that they be a part of the license number itself. Therefore, the officer's testimony as to the license plate number

of defendant's vehicle, without reference to whether "T & LC" appeared anywhere else on the plate, was insufficient to establish that defendant's automobile was not duly licensed as a "for-hire" vehicle.

Accordingly, the judgments of conviction are reversed, the accusatory instruments are dismissed, and the fines, if paid, are remitted.

PESCE, P.J., WESTON and ELLIOT, JJ., concur.