The People of the State of New York, Appellant,
against
Marcos Gabriel Serrano, Respondent.



Appeal from an order of the District Court of Suffolk County, First District (Gaetan B. Lozito, J.), dated November 3, 2014. The order, insofar as appealed from as limited by the brief, upon reargument, vacated so much of an order of the same court dated August 21, 2014 as denied the branch of defendant's prior motion seeking to dismiss accusatory instruments charging him with driving while intoxicated per se and common-law driving while intoxicated, and thereupon granted that branch of the prior motion.




ORDERED that the order dated November 3, 2014, insofar as appealed from, is reversed, on the law, and, upon reargument, so much of the determination in the order dated August 21, 2014 as denied the branch of defendant's prior motion seeking to dismiss accusatory instruments charging him with driving while intoxicated per se and common-law driving while intoxicated is adhered to.
Two of the six simplified traffic informations filed in this case charged defendant with driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) and common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), respectively. The simplified traffic informations, which were undated, alleged that the offenses had been committed on September 28, 2013, at 12:54 a.m., in the Town of Brookhaven, Suffolk County, at Exit 67 of Route 27 (Sunrise Highway) westbound. The bottom of the two simplified traffic informations charging defendant with driving while intoxicated, in boxes entitled "DWI Test Type" and "DWI Test Results," indicated "1 - BREATH" and "0.14%."
The order appealed from indicates that the simplified traffic information charging defendant with driving while intoxicated per se was stapled to a misdemeanor information charging him with the same offense. Similarly, the simplified traffic information charging defendant with common-law driving while intoxicated was stapled to a misdemeanor information charging that offense. The misdemeanor informations, which were signed on September 28, 2013, alleged that the offenses had been committed on September 27, 2013, at 10:22 p.m., in Yaphank, Suffolk County, at Exit 57 of Route 27 (Sunrise Highway) westbound. The misdemeanor informations further alleged that defendant had been transported to "SCSO Station 1" in Riverhead at 10:48 p.m, and that "defendant did disobey the NYS speed limit of 55 mph by traveling 88 mph." The misdemeanor information charging defendant with driving while intoxicated per se alleged that defendant had submitted to a chemical breath test "resulting in a [*2].14" blood alcohol content. It is undisputed that the breath test had been administered at 11:39 p.m. on September 27, 2013. Neither the simplified traffic informations nor the misdemeanor informations contain a time or date stamp indicating when they had been filed with the District Court.
Defendant was arraigned in Suffolk County District Court, First District, on September 28, 2013 before Judge Steven A. Lotto. The court stated, in pertinent part, that defendant was "charged with driving while intoxicated in violation of Section 1192.2 and 3 of the Vehicle and Traffic Law allegedly with a blood alcohol content of .14 allegedly [driving] at 88 miles per hour," and that defendant's license had been suspended under section 510 of the Vehicle and Traffic Law.
On March 10, 2014, defendant moved for, among other things, dismissal of the driving while intoxicated charges. Defendant claimed that "[t]he accusatory instruments are in the form of simplified traffic informations," as he had been charged when he had been ticketed. Defendant alleged that, on September 30, 2013, he had requested, in writing, supporting depositions from the arresting officer regarding the simplified traffic informations charging him with driving while intoxicated. The supporting depositions were never received. Thus, the two simplified traffic informations should be dismissed. Defendant further argued that the two simplified traffic informations charging driving while intoxicated per se and common-law driving while intoxicated, respectively, were "superseded" by the two misdemeanor informations charging the same offenses, and that such a procedure is not authorized by statute. The People, in opposition, argued, among other things, that defendant "was properly arraigned upon the misdemeanor information charging each crime."
In a decision and order dated August 21, 2014, the District Court, among other things, denied the branch of defendant's motion seeking to dismiss the simplified traffic informations charging him with driving while intoxicated per se and common-law driving while intoxicated, stating that the "long form misdemeanor [informations] charging said offenses and bearing the same date as defendant's arrest, and the same date as the simplified informations, were contemporaneously filed with the simplified informations and the defendant was arraigned on the long form informations. Clearly, the simplified informations merely served as appearance tickets. Thus, the defendant was not entitled to supporting depositions with respect to Counts 1 and 2."
On September 17, 2014, defendant moved for leave to reargue the branch of his motion seeking to dismiss the driving while intoxicated charges, on the ground that, pursuant to People v Kearns (46 Misc 3d 43 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]), the simplified traffic informations conferred jurisdiction on the District Court. The People opposed the motion, arguing, among other things, that defendant had been arraigned "based on the language of the misdemeanor information, not the [simplified] information."
In a decision and order dated November 3, 2014, the District Court granted reargument, vacated its prior order, and dismissed the two charges of driving while intoxicated. The court noted that defendant had been arrested at 10:22 p.m. on September 27, 2013, and was in custody until 9:00 a.m. on September 28, 2013. The court then continued:
"On September 28, 2013, the defendant was produced for arraignment and entered a plea of not guilty to all charges. Although the minutes of defendant's arraignment on September 28, 2013 are silent as to this matter, it appears that two separate accusatory instruments were stapled together and filed with the Court. The two instruments are designated Simplified Information/Certificate Concerning Violation of Law Relating to vehicles' and Misdemeanor Information.' Upon further reflection, the Court is of the opinion that since the defendant was in custody from the time of his arrest to arraignment, the instrument labeled Simplified Traffic Information' was what it purported to be, since it would be unnecessary and illogical to serve defendant with an appearance ticket. Moreover, once a simplified traffic information was filed, it could not be superseded by a misdemeanor information [People v. Kearns, 46 Misc 3d 43 (App Term, 2d Dept, 9th & [*3]10th Jud Dists 2014)]. Further, it is clear that only one accusatory [instrument] may serve as the basis for this prosecution. It is undisputed that defendant, by his attorney, made a timely demand for supporting depositions. Where, as here, the defendant has not been timely served with supporting depositions despite demand therefor, the Court is constrained to dismiss the simplified informations charging the defendant with Driving While Intoxicated in violation of Vehicle and Traffic Law [§§ 1192 (2) and 1192 (3)] for facial insufficiency."
As limited by their brief, the People appeal from so much of the order, made upon reargument, as vacated the portion of the order dated August 21, 2014 that denied the branch of defendant's prior motion seeking to dismiss the accusatory instruments charging him with driving while intoxicated per se and common-law driving while intoxicated, and thereupon granted that branch of the prior motion. The People argue that the simplified traffic informations functioned as appearance tickets, and that defendant was charged with, and arraigned on, the "long form" misdemeanor informations. The People assert that "[t]here is no dispute that the misdemeanor informations and the simplified traffic informations all bore the same date and were filed before defendant was arraigned." To the extent that the People are referring to the date of the incident, however, this argument is inaccurate. The misdemeanor informations indicate that the incident occurred at 10:22 p.m. on September 27, 2013. The simplified traffic informations indicate that the incident occurred at 12:54 a.m. on September 28, 2013, approximately one hour after defendant's breath test was administered, and two and one-half hours after the time of the incident as set forth in the misdemeanor informations. 
The People further argue that the fact that the court did not inform defendant of his right to a supporting deposition pursuant to CPL 170.10 (4) (c) is evidence that defendant was not arraigned on the simplified traffic informations. The People claim that People v Kearns is distinguishable from this case, as in Kearns, the simplified traffic information was dated October 23, 2010, while the misdemeanor information, which was stapled to the simplified traffic information, was dated October 28, 2010. In the case at bar, argue the People, the misdemeanor informations were filed contemporaneously with the simplified traffic informations. In the alternative, the People argue that if this court determines that defendant was arraigned on the simplified traffic informations, the misdemeanor informations could serve as supporting depositions.
Defendant argues that he was charged when the simplified traffic informations were issued to him, and that he cannot be charged via alternative accusatory instruments. Thus, defendant was prosecuted on the simplified traffic informations, which must be dismissed, as no supporting depositions had been provided in response to defendant's request therefor. The People should file with the court the one instrument on which they wish to proceed, instead of multiple accusatory instruments. Defendant contends that both the simplified traffic informations and the misdemeanor informations indicate that defendant's blood alcohol content was .14. Thus, the arraignment minutes did not establish that defendant was being prosecuted by the misdemeanor informations. Furthermore, the misdemeanor informations cannot supersede the simplified traffic informations. Consequently, the misdemeanor informations are a nullity.
Defendant correctly argues that "there can be only one criminal action for any given set of charges brought against a particular defendant" (People v Lomax, 50 NY2d 351, 356 [1980]). "[I]f more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed" (CPL 1.20 [17]). In this case, there is no time or date stamp indicating when the simplified traffic informations and the misdemeanor informations were filed with the District Court (see People v Buckridge, 34 Misc 3d 1213[A], 2011 NY Slip Op 52475[U], *2 [Nassau Dist Ct 2011]). However, it appears that the simplified traffic informations and the misdemeanor informations were filed contemporaneously, and, thus, this case does not involve a superseding information (cf. People v Kearns, 46 Misc 3d at 43; People v Tate, 45 Misc 3d 131[A], 2014 NY Slip Op 51587[U] [App Term, 2d Dept, 9th & 10th Jud [*4]Dists 2014]; People v Donnelly, 30 Misc 3d 136[A], 2010 NY Slip Op 52376[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2010] [misdemeanor informations were clearly filed after simplified traffic informations were filed]).
In the case at bar, the simplified traffic informations incorrectly alleged that the incident had occurred at 12:54 a.m. on September 28, 2013 at Exit 67 of Route 27. This information cannot be accurate, as defendant's breath test was administered at 11:39 p.m. on September 27, 2013, 1 hour and 15 minutes earlier. It is undisputed that the incident occurred at Exit 57 of Route 27. The contemporaneously filed misdemeanor informations contain the correct information. Moreover, at the arraignment, the District Court stated that defendant had "a blood alcohol content of .14 [and was] allegedly [driving] at 88 miles per hour." Only the misdemeanor informations alleged that defendant had been driving at a speed of 88 miles per hour. The arraignment court could not have known that information unless defendant had been arraigned on the misdemeanor informations. Consequently, defendant was arraigned, and had to have been prosecuted on, the misdemeanor informations (see People v Connors, 49 Misc 3d 1213[A], 2015 NY Slip Op 51608[U], *2-3 [Suffolk Dist Ct 2015] [the court determined that the defendant was being prosecuted via misdemeanor informations, where the arraignment court specifically noted that the defendant's blood alcohol content was .14, an allegation that appeared only in the misdemeanor informations, and not in the contemporaneously filed simplified traffic informations]).
Accordingly, the order dated November 3, 2014, insofar as appealed from, is reversed and, upon reargument, so much of the determination in the order dated August 21, 2014 as denied the branch of defendant's prior motion seeking to dismiss the accusatory instruments charging him with driving while intoxicated per se and common-law driving while intoxicated is adhered to.
Marano, P.J., Iannacci and Brands, JJ., concur.
Decision Date: September 20, 2016