People v Kesoglides (2025 NY Slip Op 51050(U))

[*1]

People v Kesoglides

2025 NY Slip Op 51050(U)

Decided on June 30, 2025

Criminal Court Of The City Of New York, New York County

McDonnell, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
George Kesoglides, Defendant.

Docket No. CR-014228-21NY

ADA Alexander Logan, and Kirk Stadnika, Esq., of the Legal Aid Society.

Janet McDonnell, J.

The defendant is charged with a sole count of Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree (Vehicle and Traffic Law [VTL] §511[1][a]). Presently, defendant seeks the following relief: 1) dismissal of the accusatory instrument as facially insufficient; 2) dismissal of the accusatory instrument pursuant to CPL §§210.20(1)(g) and 30.30; 3) invalidation of the People's statement of trial readiness, 3) invalidation of People's Certificate of Compliance ("COC"), Supplemental Certificate(s) of Compliance ("SCOC"), and Certificates of Readiness ("COR"), and thus dismissal of the accusatory instrument pursuant to CPL §30.30(5-a); and 4) the preclusion and or suppression of various forms of evidence allegedly obtained in violation of defendant's rights under the Constitutions of both the United States and the State of New York. For the reasons discussed below, defendant's motion to dismiss for facial sufficiency is DENIED; defendant's motion to dismiss on speedy trial grounds is GRANTED; and accordingly, the Court need not reach the defendant's remaining points of contention. 
I. RELEVANT LEGAL PROCEEDINGS
On January 15, 2025, defendant was arraigned pursuant to a desk appearance ticket in connection with the above-referenced charge and the case was adjourned to February 25, 2025, for the People to provide proof of mailing of the alleged notice of suspension of defendant's driving privileges. Off-calendar on February 21, 2025, the People served and filed a COC, COR, and the purported proof of mailing. On February 25, 2025, defendant questioned whether the proof of mailing converted the accusatory instrument into an information, and the case was adjourned for trial to April 8, 2025. Off-calendar on April 7, 2025, the People served and filed a SCOC. On April 8, 2025, the People stated ready for trial, but the case was adjourned for trial to April 29, 2025. On April 29, 2025, defendant requested a motion schedule, and the case was adjourned for decision to June 30, 2025. Defendant filed the motions now before the Court that same day, and the People filed opposition on June 18, 2025. 
II. DISCUSSION
A. The Information
The information in this matter is sworn to by NYPD Officer Ian Deabreu. It provides that, on or about June 18, 2021, at about 04:19 PM, at 499 West 113 St. in New York County:
"The defendant stated to me that he was driving a 2003 White Lincoln Sedan (License Plate#KES1999) on a public highway, namely, the above location. I conducted a computer check of the records of the New York State Department of Motor Vehicles and determined that the defendant's privilege of operating a motor vehicle was suspended and had not been reinstated. I know that the defendant knew his privilege of operating a motor vehicle was suspended because the computer check revealed that his license was suspended for failure to appear for a medical examination. In the case of every such suspension, a letter notifying the motorist of the suspension is mailed to the address on the motorist's DMV abstract. The defendant also stated to me in substance: I know my license is suspended." B. Facial Sufficiency
An accusatory instrument upon which a defendant may be held for trial "must allege 'facts of an evidentiary character' (CPL 100.15[3]) demonstrating 'reasonable cause' to believe the defendant committed the crime charged (CPL 100.40[4][b]" (People v Dumas, 68 NY2d 729, 731 [1986]). Further, a valid criminal court information must contain non-hearsay factual allegations which, if true, "establish . . . every element of the offense charged and the defendant's commission thereof" (CPL 100.40[1][c]).
"So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant form being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000])). Defendant faces one count of VTL 511(1)(a), so the accusatory instrument must establish he operated a motor vehicle on a public highway, and that he did so with reason to know that his license and or privileges to obtain a license were suspended, revoked, or otherwise withdrawn. See NY Crim. Jury Instr. 2d Vehicle & Traffic Law §511(1)(a).
Defendant argues that the information is facially insufficient because it does not establish that he operated a vehicle. He further argues that his alleged admissions are uncorroborated, and therefore, they cannot satisfy the facial sufficiency standard. In response, the People argue that hearsay is permitted because this instrument is a simplified traffic information. The court takes each argument in turn.
i. The nature of the accusatory instrument.
The Court's review of the accusatory instrument at issue reveals it is not a simplified traffic information. See CPL § 1.20(5)(b). The desk appearance ticket dated is notably dated 6/18/2021, and the information is a separate document that Officer Deabreu signed on [*2]6/23/2021. On its face, it is neither a "short multi-part form" nor a "streamlined instrument designed for the expeditious processing of traffic violations." (People v Fernandez, 20 NY3d 44, 47-48 [2012]). In Fernandez, the Court of Appeals determined the accusatory instrument at issue to be a "simplified traffic information" because it was on four inch by eight inch paper and contained multiple checkboxes on which the officer handwrote pertinent details. (Id., at 53). In reaching this decision, the high court adopted a holistic approach focused on substance over form. (Id., at 50). 
Here, the accusatory instrument is consistent in form, substance, and appearance with countless misdemeanor accusatory instruments in New York Criminal Court. It is a typed two-page document on standard size paper that states "MISDEMEANOR" in its caption. Consequently, it is more formal than a short form traffic information containing boilerplate language and checkboxes with space for handwritten details. Because this accusatory instrument is an information and not a simplified traffic information, it must contain non-hearsay allegations for every element of the charged offense(s) and the defendant's commission thereof. (CPL 100.40[1][c]). 
ii. Analysis of the allegations. 
"Hearsay is evidence of a statement, whether oral, written, or conveyed through intentional nonverbal conduct, that (1) was made other than by a witness while testifying at the proceeding at which the evidence is offered; (2) has a content that can be characterized as true or false; and (3) is offered in evidence to prove the truth of its contents." (People v Kass, 59 AD3d 77 [2d Dept 2008]) (citation omitted). Hearsay is generally inadmissible, but there are exceptions that allow for its admission into evidence. (People v Nieves, 67 NY2d 125, 131 [1986]). Despite the general statutory prohibition against accusatory instruments containing hearsay found in CPL 100.40[1][c], the "non-hearsay requirement is met so long as the allegation would be admissible under some hearsay rule exception." (Casey, 95 NY2d at 361). 
This Court's review of the accusatory instrument is confined to the four corners of the document and any annexed supporting deposition(s). (People v. Thomas, 4 NY3d 143, 146 [2005]). Here, the accusatory instrument has two alleged out of court statements made by the defendant to Officer Deabreu that are included to establish their substantive contents, e.g. that he was operating his vehicle with the knowledge that his license was suspended. There are no supporting depositions or eye-witness narratives. Defendant does not contest, moreover, that these statements constitute non-hearsay admissions. (See People v Chico, 90 NY2d 585, 589 [1997]) (reiterating a party's admissions to any material facts are "always competent evidence against him wherever, whenever, or to whomever made") (citations omitted). Defendant's alleged admissions are accordingly non-hearsay evidence that may establish the elements of the charged offense. 
Defendant cited a litany of decisions from trial courts that dismissed accusatory instruments as facially insufficient for not establishing the element of operation. Here, as discussed supra, defendant admitted to operating a vehicle and to knowing he had a suspended license; in other words, he admitted the elements of the offense. These admissions establish a facially sufficient information because a defendant's admissions do not need to be corroborated to establish the prima facie requirement for an information. (See People v Suber, 19 NY3d 247, 254 [2012]) (holding that "corroboration of a defendant's admission is not a component of the [*3]prima facie case requirement for an information" and that an "accusatory instrument is not defective if it does not set forth corroborative evidentiary allegations."). As a result, the Court finds that the accusatory instrument is facially sufficient. 
C. Speedy Trial Analysis.
VTL 511(1)(a) is a misdemeanor for which "the sentence of the court must be: (i) a fine of not less than two hundred dollars nor more than five hundred dollars; or (ii) a term of imprisonment of not more than thirty days; or (iii) both such fine and imprisonment." (Vehicle and Traffic Law § 511[1][b]). A "speedy trial" motion must be granted, therefore, if the People are not ready within sixty days. (CPL § 30.30[1][c]). Notably, the People cannot declare ready unless they have exhibited diligence and complied in good faith with their discovery disclosure obligations. (People v Bay, 41 NY3d 200, 211 [2023]). This analysis is case specific. (Id., at 212).
Defendant was arraigned on January 15, 2025, after which the case was adjourned for trial to February 25, 2025, so the "speedy trial clock" started on January 16, 2025. (See People v Stiles, 70 NY2d 765 [1987]). Off-calendar on February 21, 2025, the People filed their first COC and COR. These 37 days are chargeable to the People. In their opposition, the People do not overtly defend the validity of their initial COC and COR. Instead, they explain how on April 7, 2025, they provided supplemental discovery, emailed defendant that the remaining outstanding items did not exist, and filed a SCOC. The People's lone calculation is that this supplemental discovery and SCOC occurred 82 days after the defendant was arraigned. 
It is unclear to the Court whether the People's sole calculation is an implied concession that they did not satisfy 30.30. This lack of clarity notwithstanding, the April 7, 20205, SCOC indicated the same day disclosure of a certified DMV abstract and proof of mailing, a police accident report, and a report of motor vehicle accident. The SCOC specifies that despite the People's due diligence and good faith efforts to obtain both accident reports, they were disclosed belatedly because they were not in the People's actual possession or control at the time they filed their initial COC. 
The four-page police accident report dated June 18, 2021, was included as defense exhibit C and was generated by the same Officer Deabreu who signed the accusatory instrument. More specifically, it named the defendant as the driver of same vehicle as in the accusatory instrument at the same approximate date, time, and location of the allegations. Also, it includes contact information and a narrative from the other involved driver. The report states police did not observe the accident and does not say police observed defendant operate the vehicle; testimony to this effect from the other involved driver would be ostensibly necessary at trial to corroborate defendant's admissions and to establish defendant's guilt. (See Suber, 19 NY3d at 254) (explaining how at trial CPL §60.50 prohibits conviction based solely upon an admission). 
This information is automatically discoverable pursuant to CPL §§245.20(1)(c), 245.20(1)(e), 245.20(1)(h), and 245.20(1)(k), and is deemed to be in the People's constructive possession and or control pursuant to §245.20(2) as "items and information related to the prosecution of a charge in the possession of any New York state or local police or law enforcement agency." This information is not trivial, collateral, or governed by murky case law; it is firsthand knowledge that would corroborate defendant's admissions. The People's opposition does not explain this delayed disclosure or detail their diligence or good faith efforts to receive [*4]and disclose it.[FN1]
Because this critical information was in the People's possession and or control but not disclosed by February 21, 2025, the Court finds the People's initial COC to be illusory, and as a result, invalidates the February 21, 2025, COR. Even if the Court presumes the validity of the SCOC dated April 7, 2025, a minimum of eighty-two days is chargeable to the People. The People were therefore not ready for trial within the required sixty days. 
For the above reasons, the defendant's motion to dismiss the accusatory instrument pursuant to 30.30 is hereby GRANTED, and the Court need not reach defendant's remaining points of contention.
This constitutes the Decision and Order of the Court.
Dated: June 30, 2025
New York, New York

Footnotes

Footnote 1:In their opposition, the People addressed these documents and information, as well as other automatically discoverable items like body worn camera footage for several officers, including Officer Deabreu, with a general statement that all materials to which the defendant is entitled were timely disclosed or do not exist.